BURT REALTY CORP., APPELLANT, *v.* CITY OF COLUMBUS, APPELLEE.

(No. 69-276—Decided March 25, 1970.)

*Messrs. Sickafoose, Creighton, Menster, Albu & Burt,*
*Messrs. Lucas, Prendergast, Albright, Gibson, Brown &*
*Newman* and *Mr. Rankin M. Gibson,* for appellants.

*Mr. John C. Young,* city attorney, *Mr. William J. Melvin,* and *Mr. William G. Higgins,* for appellee.

SCHNEIDER, J. Agreeing, as we do, with the Court of Appeals, that an administrative remedy was available to Burt Realty from the refusal of the building permit by

way of appeal to the Columbus Board of Zoning Appeals, the gateway question is whether that remedy was equally as serviceable as an action for declaratory judgment under R. C. 2721.01 *et seq. Radaszewski* v. *Keating*, 141 Ohio St. 489; *Schaefer* v. *First National Bank*, 134 Ohio St. 511.

It was stipulated that the single ground for Columbus' position against granting a building permit was, and continues to be, the nonconformity of the buildings, when reconstructed in place, to the setback line established by Ordinance No. 313-63. In the oral argument before us, it was revealed that Columbus will not entertain an application for an occupancy or location permit apart from a building permit. A requirement of the latter is a detailed set of plans and specifications for the proposed construction. The expense involved in complying with that requirement has no real relation to the permissibility of reconstruction upon the original building line. Indeed, the expense may be entirely needless if the question were ultimately and finally determined against the appellant, forcing it to develop a plan for reconstruction beyond the line established by Ordinance No. 313-63, if possible.

Paragraph two of the syllabus of *State, ex rel. Killeen Realty Co.,* v. *East Cleveland*, 169 Ohio St. 375, reads:

"Where the doing of an act which is a prerequisite to the performance of an assigned function of a municipal authority would be onerous and expensive and the doing of which act would be a vain thing, and where the failure to do such act is not the ground for refusal by the municipal authority to perform *its* assigned function, failure to do that act will not constitute a bar to an action in *mandamus* to compel the performance of such function upon the subsequent doing of such act." (Emphasis supplied.)

That rule of law would seem to apply with equal, if not stronger, force to an action for a declaratory judgment and furnishes a basis for the availability of the latter remedy in addition to the basis set forth in *American Life & Accident Ins. Co.* v. *Jones*, 152 Ohio St. 287. See, also, *Henle* v. *Euclid*, 97 Ohio App. 258, appeal dismissed, 162 Ohio St. 280.

*State, ex rel. Lieux,* v. *Westlake,* 154 Ohio St. 412, and *State, ex rel. Foreman,* v. *City Council,* 1 Ohio St. 2d 132, which were relied upon by the Court of Appeals, held it necessary to exhaust administrative remedies before asserting the extraordinary remedy of mandamus. However, a declaratory judgment is not an extraordinary remedy but merely a remedy in the ordinary course of the law. Cf. *Curtiss* v. *Cleveland,* 170 Ohio St. 127.

Under the circumstances of this case, declaratory judgment is an available alternative to an unnecessarily onerous administrative remedy, and the Court of Appeals was in error in reversing the trial court on the procedural ground.

We proceed to the merits of appellant's prayer for relief. See paragraph two of the syllabus of *Peltz* v. *South Euclid,* 11 Ohio St. 2d 128.

In support of its proposition of law to the effect that under the facts of record, Columbus' denial of a permit to reconstruct and replace its existing buildings on their present location within the setback line of Ordinance No. 313-63 constitutes a taking of its "property without just compensation contrary to state and federal constitutions," appellant cites three of our prior decisions: *Mansfield* v. *Balliett,* 65 Ohio St. 451; *Smith* v. *Erie Rd.,* 134 Ohio St. 135; and *Steinle* v. *Cincinnati,* 142 Ohio St. 550. None of those cases deals with the impact of an exercise of the police power upon vested property rights.

We agree with the contention that the obvious purpose of the ordinance is to remove a substantial portion of appellant's property entirely from its pre-existing private use and to devote it to public use without compensation. Where this occurs without reasonable justification, or *aliunde* some objective properly within the scope of the police power, "the value of the property is annihilated and ownership is rendered a barren right." *Akron* v. *Chapman,* 160 Ohio St. 382, 388. Compare *Yorkavitz* v. *Board,* 166 Ohio St. 349, and *East Fairfield Coal Co.* v. *Booth,* 166 Ohio St. 379, in both of which cases property was not wholly removed from private use. But see, for example, *Stary* v. *Brooklyn,* 162 Ohio St. 120, where regula-

tions in the exercise of the police power were held to be reasonable.

No court should, however, indulge the constitutional issue if the litigant is entitled to relief upon other grounds. *Greenhills Home Owners Corp.* v. *Greenhills*, 5 Ohio St. 2d 207.

In this case, we find another readily apparent ground in the nonconforming use provisions of the Columbus Code of Ordinances. Such provisions, in general, are commonly understood to be curative of the inherent constitutional infirmity of a regulation which would delimit the *qualitative*, as opposed to the *quantitative*, pre-existing use of land. For example, R. C. 713.13 prohibits the erection, construction, alteration, repair or maintenance of any building or structure or the use of any land in violation of any municipal zoning ordinance or regulation whether enacted pursuant to the statutes or the "home rule" provisions of our Constitution (Section 3, Article XVIII). But R. C. 713.15 exempts from the impact of a zoning ordinance only the pre-existing "lawful *use* of any dwelling, building, or structure and of any land or premises." (Emphasis supplied.)

We have been directed to no case wherein this or any other Ohio court has construed the location of a structure as a use of land protected by a nonconforming use provision.

In the Columbus Code of Ordinances (the sections of which are here referred to by "C. C."), we find a nonconforming use defined as ". . . one that does not comply with regulations of the use district in which it is situated." (C. C. 3301.41). The property here involved is in a commercial use district to which "C. C. 3365.04 to 3365.07, inclusive, defining front yards and side yards in commercial and manufacturing districts shall apply. . . ." (C. C. 3331.06[e]). Of these sections, only C. C. 3365.04(E), relating to the establishment of building lines in commercial and manufacturing districts, is pertinent. It provides that "[w]here a building line is established on a recorded plat or by *ordinance*," the "minimum distance from the street property line" to the building line is "[t]he maxi-

mum distance as established by the recorded plat or *ordinance.*" (Emphasis supplied). Finally, C. C. 3353.01 reads, in material part, as follows:

"Subject to the provisions of this section a use of a building or land, existing at the time of the enactment of this Zoning Code, may be continued even though such use does not conform with the provisions of these regulations for the district in which it is located. . . ."

The balance of the provisions of that section[*] relates to enlargement, expansion or increase in floor space upon reconstruction or reconstruction after a casualty loss. No reference to the intent of appellant, if any, relating to such matters, appears in the record, nor does any existing controversy between the parties with reference thereto.

Therefore, a somewhat serpentine but unbroken trail leads unerringly to the conclusion that Ordinance No. 313-63 is an integral part of the use regulations applicable to appellant's property and that the location of the buildings (which antedate that ordinance) is a use of the land which is protected from conforming to that ordinance upon replacement of the buildings.

Accordingly, the judgment of the Court of Appeals is

---

[*]"(a) No enlargement or expansion shall be permitted except as stated in C. C. 3309.06;

"(b) Except on special permit as provided in C. C. 3309.06, no building arranged, designed and devoted to a nonconforming use and conducted without abandonment as stated in C. C. 3353.02, may be reconstructed, structurally altered or enlarged in any lawful manner, or extended, so as to increase the floor space over that existing, unless the use of said building is changed to a conforming use;

"(c) Nothing in this Zoning Code shall prevent the reconstruction or replacement of a building wholly or partially destroyed by fire, explosion, act of God, or act of the public enemy, or prevent the restoration of a wall declared unsafe by the building inspector, and any building which has been so used without abandonment may be replaced by a new building on the same area and used for such non-conforming use, said new building not to contain more than the original floor space of the replaced building and to conform to all Building Code regulations of the city;

"(d) Nothing in this Zoning Code shall prevent the use of presently subdivided, nonconforming lots for purposes approved in C. C. 3309.06."

reversed and a judgment, which ought to have been rendered by the Court of Common Pleas, is granted, declaring that Columbus may not refuse Burt Realty a building permit for the improvement of its property for the reason that plans for such construction or improvement would not set back the building line in accordance with Ordinance No. 313-63.

*Judgment reversed.*

TAFT, C. J., O'NEILL, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

MATTHIAS, J., not participating.

TAFT, C. J., concurring. As indicated by stipulation, the owner desires to replace his existing structures with new construction on the present existing building line. Under the determination indicated by paragraph two of the syllabus and by the majority opinion, he will be limited in doing this by the provisions of C. C. 3353.01 relating to the enlargement, expansion or increase in floor space upon reconstruction. Probably, for this reason, the owner seeks only the broader relief that he would get by having Ordinance 313-63 declared unconstitutional, at least so far as it applies to the property involved in the instant case.

The threatened enforcement of the setback provisions of the ordinance complained about by plaintiff would have the effect of appropriating about 35% of plaintiff's property for public purposes without compensation. In my opinion, such an application of those setback provisions would be contrary to Section 19 of Article I of the Ohio Constitution prohibiting a taking of private property for public use without compensation therefor.

HERBERT and CORRIGAN, JJ., concur, also, in the foregoing concurring opinion.