G.S.T., a Partnership, Appellant, *v.* City of Avon Lake et al., Appellees.

(No. 75-1081—Decided November 17, 1976.)

64

Messrs. *Laux & Tassie,* Mr. *Richard T. Laux* and Mr. *James G. Tassie,* for appellant.

Mr. *Dale E. Barnard,* director of law, and Mr. *Robert Hart Stotter,* for appellee Avon Lake.

*Per Curiam.* The primary issue presented by this cause is whether the Court of Common Pleas should have entertained appellant's declaratory judgment action even though G.S.T. had not applied for a building permit.

When, as in this cause, the alternative remedies available to the landowner are *administrative,* two further questions must be asked: (1) whether the existence of an alternative remedy bars declaratory relief; and (2) whether the landowner must exhaust his administrative remedies before initiating a declaratory judgment action.[1]

R. C. 2721.03 makes declaratory judgment actions available to persons, like the appellant, "whose rights, status, or other legal relations are affected by a * * * municipal ordinance * * *." Civ. R. 57 provides that, "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

---

[1] The contention that all administrative remedies must be exhausted "is distinct from the assertion that a declaratory judgment action does not lie where an alternative remedy is available * * *." *Gannon* v. *Perk* (1976), 46 Ohio St. 2d 301, 309.

In addition, this court has recently ruled that declaratory relief is appropriate for a landowner challenging "the constitutionality of the zoning restrictions on * * * [his] land," even though he has available the alternative, nonexclusive remedy of an R. C. Chapter 2506 review of an administrative order. *Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263, 268; *Gates Mills Investment Co.* v. *Pepper Pike* (1975), 44 Ohio St. 2d 73, 77. Since appellant is affected by a municipal ordinance, and, since it is challenging that ordinance on constitutional grounds, declaratory relief is appropriate in this cause.

The second question raised by the Court of Appeals' ruling is whether appellant's failure to apply for a building permit constitutes a failure to exhaust any administrative remedy that could provide it with the relief it seeks. *Driscoll* v. *Austintown Associates, supra,* at page 273. The failure-to-exhaust-administrative-remedies doctrine is a court-made rule of judicial economy which can be asserted as an "affirmative defense" to an action by a landowner for declaratory relief. As an affirmative defense, it can be waived if it is not "timely asserted." *Driscoll* v. *Austintown Associates, supra*, at page 276.

Appellee urges, however, that its "general denial" of appellant's allegations about attempting to obtain rezoning has preserved the affirmative defense of failure to exhaust administrative remedies. That argument is without merit because rezoning is a legislative remedy. Therefore, pursuant to *Driscoll*, the defense of failure to exhaust administrative remedies is not available to the appellee.[2]

---

. . [2]Appellee asserts that the trial court abused its discretion by granting declaratory relief when the appellant "failed to present a justiciable controversy that may be resolved or terminated by a declaratory judgment." This assertion is basically a charge that the trial court abused its discretion. Since the issue was not raised at the appellate level, we decline to decide it. *State* v. *Abrams* (1974), 39 Ohio St. 2d 53, 55.

. . Appellee's other assertions of error require this court, against our established practice, to weigh the evidence. We decline to do so. *State, ex rel. Pomeroy,* v. *Webber* (1965), 2 Ohio St. 2d 84.

Since appellant's right to declaratory relief is not barred by the availability of an alternative, nonexclusive remedy or by the timely asserted affirmative defense of failure to exhaust administrative remedies, the judgment of the Court of Appeals is reversed, and the cause is remanded to that court for further proceedings.

*Judgment reversed.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.

