**PERRICO PROPERTY SYSTEMS, Appellant,**

v.

**CITY OF INDEPENDENCE et al., Appellees.***

[Cite as *Perrico Property Sys. v. Independence* (1994), 96 Ohio App.3d 134.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65142.

Decided July 18, 1994.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1994), 71 Ohio St.3d 1423, 642 N.E.2d 388.

*Timothy J. Grendell* and *Debra L. Kackley*, for appellant.

*Stephen M. O'Bryan*, Director of Law, and *Kurt D. Weaver*, Assistant Director of Law, for appellees.

DONALD C. NUGENT, Judge.

This is an appeal from a final judgment of the Cuyahoga County Court of Common Pleas, which dismissed the complaint for declaratory relief filed by plaintiff-appellant, Perrico Property Systems, against the defendant-appellee, the city of Independence.

On May 7, 1992, appellant filed the instant action, seeking a declaration that the current zoning of its property located in Independence, Ohio, is invalid because such zoning as applied to the property is arbitrary, capricious, unreasonable, confiscatory and unconstitutional and bears no rational relationship to the health, safety, morals or general welfare of the residents of the city. Moreover, appellant sought a declaration that the property, as presently zoned, cannot be used in an economically viable manner.

In appellant's complaint, it is alleged that appellant owns undeveloped real property located adjacent to Interstate Route 77 ("I–77") in the city. The property is currently zoned U–1 single-family residential district, which restricts

its use to single-family residential development with lots of at least one hundred foot frontage. Appellant further alleged, and later supported such allegations with an affidavit of Gene Troiano, a principal of Perrico Properties, that because of the difficult terrain and proximity to I-77, the property is economically undeveloped and is unable to be developed for single-family use. Moreover, the property is not economically marketable as currently zoned.

It was further stipulated that on August 9, 1988, city council adopted Ordinance 198-21 for the purpose of rezoning the property from its present zoning to U-1A, Single Family Cluster District. However, said rezoning ordinance was rejected by the voters when it came before them in a referendum as required by the city's charter. Appellant, in its complaint, seeks rezoning to permit a mid-rise, multi-family development which will allow for the economically viable use and development of the property.

On July 10, 1992, the city filed a motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. In its motion, the city argued that appellant's complaint fails to state a claim upon which relief may be granted because (1) no justiciable controversy exists between the parties, since the city has not taken any final action, (2) appellant has failed to exhaust the administrative remedies available to it under the city's code, (3) appellant had prior knowledge of the zoning restrictions on the property at the time of purchase, and (4) appellant does not have standing to come before the court, since appellant does not own all of the property proposed to be developed.

The city supported its motion with evidentiary materials outside the pleadings, which establish that on four separate occasions, appellant appeared before the city's planning commission and presented preliminary subdivision plans for the development of the property in question. Some of the plans in question complied with the city's zoning ordinance, while others did not.

On August 5, 1992, the trial court granted appellant's motion for an extension of time to respond to the city's motion. Additionally, the court noted, in its half-page journal entry, that "[p]er agreement of parties, [the city's] motion to dismiss contains matters outside the pleadings and discovery is necessary to respond."

Thereafter, on November 23, 1992, appellant filed its brief in opposition to appellee's motion to dismiss. Appellant argued that it does not have an available, serviceable remedy which it could exhaust because a city cannot administratively rezone property. Further, appellant argued that exhaustion of administrative remedies is not required for the following reasons: (1) resort to the administrative remedy rule would be futile; (2) the administrative challenge would be onerous and unusually expensive; (3) appellant is challenging the constitutionality of the zoning ordinance; and (4) appellant was not involved in the administrative

process. Finally, appellant argued that its prior knowledge of the zoning restrictions is not a bar to its complaint for declaratory relief and that it had standing to sue.

Based on the foregoing arguments, the briefs of counsel and the attached evidentiary materials, the trial court entered a final judgment dismissing appellant's complaint.

Appellant timely appeals, raising the following assignments of error for our review:

"I. The trial court erred in dismissing appellant's complaint for failure to exhaust administrative remedies, when appellant had *no available*, serviceable administrative remedies which appellant could exhaust.

"II. The trial court erred in dismissing appellant's complaint for failure to exhaust administrative remedies, when exhaustion is *not* required because the administrative process is not equally as serviceable as a declaratory judgment action and would be onerous or unusually expensive, and would be prohibited by the city charter.

"III. The trial court erred in dismissing appellant's complaint for failure to exhaust administrative remedies, when exhaustion is *not* required because appellant is challenging the constitutionality of a zoning ordinance.

"IV. The trial court erred in dismissing appellant's complaint for failure to exhaust administrative remedies, when exhaustion is *not* required because appellant was not involved in the administrative process.

"V. The trial court erred in dismissing appellant's complaint, when appellant's prior knowledge of zoning restrictions is *not* a bar to appellant's complaint for declaratory judgment.

"VI. The trial court erred in dismissing appellant's complaint when appellant, as the owner of all four properties referred to in appellant's complaint, has standing to bring this action." (Emphasis *sic*.)

Appellant's assignments of error are interrelated and will, therefore, be considered jointly. Taken together, appellant argues that the trial court committed reversible error in dismissing its complaint for declaratory judgment.

Appellee, initially, filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. However, by agreement of the parties, appellee's motion contained matters outside the pleadings, and discovery was necessary for appellant to respond. Implicitly, appellee's motion was converted into a motion for summary judgment. Civ.R. 12(B); *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 563 N.E.2d 713; *Applegate v. Fund for Constitutional Govt.* (1990), 70 Ohio App.3d 813, 592

N.E.2d 878; *Pollock v. Kanter* (1990), 68 Ohio App.3d 673, 678, 589 N.E.2d 443, 446.

■ "The constitutionality of a zoning ordinance may be attacked in two ways. An appeal from an administrative zoning decision can be taken pursuant to R.C. Chapter 2506. In addition, or in the alternative, a declaratory judgment action pursuant to R.C. Chapter 2721 can be pursued." *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 526 N.E.2d 1350, paragraph one of the syllabus; *Driscoll v. Austintown Assoc.* (1975), 42 Ohio St.2d 263, 71 O.O.2d 247, 328 N.E.2d 395; *Std. Oil Co. v. Warrensville Hts.* (1976), 48 Ohio App.2d 1, 2 O.O.3d 4, 355 N.E.2d 495. In the present case, appellant chose to pursue an action for declaratory relief, seeking a judgment that the zoning of the instant property is unconstitutional.

R.C. 2721.03 provides, in pertinent part, that "[a]ny person * * * whose rights, status, or other legal relations are affected by a constitutional provision * * * [or] municipal ordinance * * * may have determined any question of construction or validity arising under such * * * constitutional provision * * * [or] ordinance * * * and obtain a declaration of rights, status, or other legal relations thereunder." Moreover, Civ.R. 57 provides that "[t]he procedure for obtaining a declaratory judgment pursuant to Sections 2721.01 to 2721.15, inclusive, of the Revised Code, shall be in accordance with these rules. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate * * *."

■ An action for declaratory relief requires (1) a real controversy between the parties, (2) a controversy which is justiciable in character, and (3) a situation where speedy relief is necessary to preserve the rights of the parties. *Williams v. Akron* (1978), 54 Ohio St.2d 136, 8 O.O.3d 125, 374 N.E.2d 1378; *Rothchild v. Cent. Motors Corp.* (Oct. 7, 1993), Cuyahoga App. No. 63743, unreported, 1993 WL 398553. An actual controversy exists when persons aver that their rights, status or other legal relations have been affected by an allegedly invalid ordinance. *Karches, supra,* 38 Ohio St.3d at 16, 526 N.E.2d at 1355; *Pack v. Cleveland* (1982), 1 Ohio St.3d 129, 1 OBR 166, 438 N.E.2d 434; *Rothchild, supra.* Finally, a prerequisite to a determination that an actual controversy exists in a declaratory judgment action is a final decision concerning the application of a zoning regulation to the specific property in question. *Karches, supra,* paragraph two of the syllabus.

■ The city argues that appellant has failed to demonstrate the existence of a justiciable controversy between it and the city. The city contends that it has not made a final determination concerning the application of the zoning ordinance to the specific property in question. However, the record adequately refutes this assertion. It was stipulated that on August 9, 1988, the city council adopted an

ordinance which would have rezoned the property from U–1 (single-family residential) to U–1A (to permit multi-family dwellings, attached single-family dwellings or cluster homes) but that the electorate rejected such ordinance by referendum on November 8, 1988. Thus, the city has taken a definitive position on the zoning of the property which adversely affects appellant's interests in constructing a mid-rise multi-family development.

The city further claims that appellant failed to exhaust its administrative remedies prior to bringing the instant action for declaratory relief. Prior to instituting a declaratory judgment action to determine the validity of a zoning ordinance as applied to a specific parcel of property, a party must ordinarily exhaust administrative remedies. *Karches, supra,* 38 Ohio St.3d at 17, 526 N.E.2d at 1355; *Driscoll, supra,* paragraph four of the syllabus. However, two exceptions exist to the general rule. First, if there is no administrative remedy available which can provide the relief sought or if resort to administrative remedies would be wholly futile, exhaustion is not required. *Karches, supra,* 38 Ohio St.3d at 17, 526 N.E.2d at 1355; *Kaufman v. Newburgh Hts.* (1971), 26 Ohio St.2d 217, 55 O.O.2d 462, 271 N.E.2d 280. Second, when the available administrative remedy is onerous or unusually expensive, exhaustion of remedies is not necessary. *Karches, supra; Gates Mills Invest. Co. v. Pepper Pike* (1975), 44 Ohio St.2d 73, 73 O.O.2d 321, 337 N.E.2d 777.

Appellant contends, in its first assignment of error, that it does not have any available, serviceable remedy which it could exhaust because the city cannot administratively rezone property.

In *Shemo v. Mayfield Hts.* (Sept. 30, 1993), Cuyahoga App. No. 64453, unreported, 1993 WL 389447, this court noted:

"In *Standard Oil Company v. City of Warrensville Heights* (1976), 48 Ohio App.2d 1, 2 O.O.3d 4, 355 N.E.2d 495, this court held that:

" 'A property owner *may attack the constitutionality of a zoning ordinance either in a declaratory judgment action under R.C. Chapter 2721,* or in an appeal to the common pleas court from an administrative agency under R.C. Chapter 2506, the Appellate Procedure Act. It is not necessary to seek legislative rezoning as a condition precedent to maintaining a declaratory judgment action attacking the constitutionality of a zoning ordinance, *nor is it necessary to attempt to exhaust administrative remedies and take an appeal under R.C. Chapter 2506,* prior to initiating such declaratory judgment action if the administrative remedies are not equally as serviceable as a declaratory judgment action, are unusually expensive or onerous, seeking such remedies would constitute vain acts, or *if the administrative agency does not have authority to grant the relief sought.*' (Emphasis added.) *Id.* at paragraph one of the syllabus.

" * * *

"The remedy that the Appellees would have the Appellants pursue, to the exclusion of declaratory judgment, is that of applying for an administrative variance. Such application assumes the validity of a zoning classification. In the instant case the Appellants do not even implicitly admit the validity of Appellees' zoning classification. The relief they seek is a declaration of the unconstitutionality of the ordinance. An administrative remedy, such as a variance, cannot render a decision as to the constitutionality of Appellees' zoning ordinances as it applies to Appellants' property. In addition, the Appellees' Board of Zoning Appeals does not have the authority to grant the Appellants the relief they seek, *viz.*, the *rezoning* of their property from single-family use to multi-family use. See *Standard Oil Co. v. Warrensville Hts. supra; Schomaeker v. First National Bank of Ottawa* (1981), 66 Ohio St.2d 304 [20 O.O.3d 285], 421 N.E.2d 530, and *Consolidated Management Inc. v. Cleveland* (1983), 6 Ohio St.3d 238 [6 OBR 307], 452 N.E.2d 1287." (Emphasis added in part.)

■ This court's decision in *Shemo* is not distinguishable from the case *sub judice*. As in *Shemo*, appellant herein seeks a declaration that the city's zoning ordinance is unconstitutional as it applies to the property in question. Additionally, an administrative remedy, such as a variance, cannot render a decision as to the constitutionality of the city's zoning ordinances as it applies to appellant's property. Finally, the city's board of zoning appeals does not have authority to grant appellant the relief it seeks, *i.e.*, the rezoning of its property from single-family use to multi-family use.

Pursuant to Section 5(d) of the city charter, any ordinance providing for the zoning of land for multiple-family dwellings, attached single-family dwellings, or cluster subdivisions must be submitted to the electorate at the next general or regular election for approval by a majority of electors voting on such ordinance. Thus, the only available remedy other than a declaratory judgment action is not administrative but legislative.

■ In this vein, it has been held that a legislative remedy is not a serviceable administrative remedy which must be exhausted prior to seeking a declaration of the unconstitutionality of a zoning ordinance. *G.S.T. v. Avon Lake* (1976), 48 Ohio St.2d 63, 65, 2 O.O.3d 217, 218, 357 N.E.2d 38, 40; see, also, *Moore v. Columbus* (Sept. 29, 1992), Franklin App. No. 92AP–121, unreported, 1992 WL 249867. Therefore, the defense of failure to exhaust administrative remedies is not available. *Id.;* see, also, *Driscoll, supra.*

Additionally, we agree with appellant that it is not within the board of zoning appeals' authority to grant a variance which in effect rezones the property from U–1 designation permitting single-family dwellings to U–1A classification permit-

ting multi-family dwellings. *Std. Oil Co. v. Warrensville Hts., supra,* 48 Ohio App.2d at 2, 2 O.O.3d at 4–5, 355 N.E.2d at 497–498. Pursuant to the city's zoning ordinance, a variance is available only "where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this Zoning Code * * * [and where such variance is] in harmony with its general purpose and the intent of this Zoning Code * * *." A variance which allows for the construction of a multi-family development would, in effect, constitute a rezoning of the property in question and would be outside the jurisdiction of the board of zoning appeals.

We also agree with appellant's argument that exhaustion is not required because the administrative remedy, assuming *arguendo* that one exists, would be onerous and unusually expensive. In *Driscoll, supra,* the Ohio Supreme Court held:

"If a landowner has available to him an administrative remedy which can provide him with appropriate relief from a zoning restriction, *and the administrative remedy is neither onerous nor unusually expensive,* the landowner must exhaust that administrative remedy prior to instituting a declaratory judgment action challenging the constitutionality of the zoning restriction." (Emphasis added.) *Id.* at paragraph four of the syllabus; *Karches, supra,* 38 Ohio St.3d at 17, 526 N.E.2d at 1355–1356.

Additionally, in *Burt Realty Corp. v. Columbus* (1970), 21 Ohio St.2d 265, 50 O.O.2d 491, 257 N.E.2d 355, the Ohio Supreme Court held:

"Where an administrative practice requires a party to incur substantial expense to obtain an administrative determination of a question which, standing alone, would not require such expense, the administrative remedy to determine the question is not equally as serviceable as an action for a declaratory judgment." *Id.* at paragraph one of the syllabus.

Finally, in *Shemo, supra,* this court held that the additional cost of over $75,000 to comply with the cost requirements to pursue an administrative remedy would be "unnecessarily onerous" and "unusually expensive."

In the present case, based on appellant's experience in prior cases, appellant argues, and supports its argument with Gene Troiano's affidavit, that the cost to prepare and submit detailed sets of site plans in order to obtain a variance from the board of zoning appeals for the property in question could easily exceed $50,000 to $60,000. The city, nevertheless, argues that appellant has already spent large sums of money pursuing its eight prior plans before the planning commission for development of the property in question. Therefore, it is argued, the cost of pursuing a variance before the board of zoning appeals could not possibly be any greater. We believe, however, that the foregoing

demonstrates that a material issue of fact exists with respect to whether the cost of pursuing an administrative remedy, if any exists, would be "unusually onerous" or "unnecessarily expensive." Notwithstanding the foregoing, we do not believe, as discussed *infra*, that any serviceable administrative remedies exist.

We also agree with appellant's argument that exhaustion is not required because appellant is challenging the constitutionality of the zoning ordinance and that the board of zoning appeals and/or the electorate through a referendum cannot pass on the constitutionality of the zoning ordinance. In *Shemo*, this court recognized the well-established rule that an administrative agency may not rule on constitutional issues before it. *Id.;* see, also, *AEI Group, Inc. v. Ohio Dept. of Commerce* (1990), 67 Ohio App.3d 546, 550, 587 N.E.2d 889, 891, citing *Roosevelt Properties Co. v. Kinney* (1984), 12 Ohio St.3d 7, 8, 12 OBR 6, 7, 465 N.E.2d 421, 422; and *Herrick v. Kosydar* (1975), 44 Ohio St.2d 128, 73 O.O.2d 442, 339 N.E.2d 626. Accordingly, the trial court may hear a declaratory judgment action on the constitutionality of the zoning ordinance in question as it applies to appellant's property.

Appellant also argues that exhaustion of administrative remedies is not required, since appellant was not involved in the administrative process. In *Schomaeker v. First Natl. Bank* (1981), 66 Ohio St.2d 304, 20 O.O.3d 285, 421 N.E.2d 530, the Ohio Supreme Court held:

"A person entitled under R.C. Chapter 2506 to appeal the order of a planning commission granting a variance pursuant to a village ordinance is not entitled to a declaratory judgment where failure to exhaust administrative remedies is asserted and maintained." *Id.* at paragraph three of the syllabus.

In *Schomaeker*, the plaintiff was a contiguous property owner in a residential district who filed an injunction action against the defendant/bank challenging the issuance of a certificate of occupancy granted to the bank to build a parking lot within the residential district. The trial court enjoined the bank from developing a parking lot until it could obtain a valid variance from the planning commission. After a public hearing attended by a number of interested citizens, including the plaintiff, the planning commission granted the use variance. The plaintiff then instituted an action seeking a declaratory judgment holding the use variance void. The trial court affirmed the variance. However, the court of appeals reversed, holding that the use variance, in effect, constituted rezoning.

The Ohio Supreme Court determined that plaintiff was not entitled to a declaratory judgment, since she failed to exhaust her administrative remedies pursuant to R.C. 2506.01. The court went on the hold that "[g]iven the availability of an R.C. Chapter 2506 direct appeal, a property owner, such as plaintiff, adversely affected by the granting of the use variance to a contiguous

property owner may not challenge the granting of such use variance in a declaratory judgment action where such property owner does not assert the invalidity or unconstitutionality of the ordinance." *Id.,* 66 Ohio St.2d at 312, 20 O.O.3d at 290, 421 N.E.2d at 537.

In *Schomaeker,* it is noteworthy that the administrative process commenced when the bank applied for and was granted a variance. Additionally, the plaintiff therein attended the hearing on the bank's application for a variance and could have appealed the board of zoning appeals' decision to issue such variance. Moreover, the plaintiff therein contested the validity of the variance granted and did not contest the constitutionality of the zoning ordinance in question.

Against the holding in *Schomaeker, supra,* we note that the Ohio Supreme Court has allowed litigants to challenge the constitutionality of a zoning ordinance through a declaratory judgment action in *Karches, supra; G.S.T. v. Avon Lake, supra; Driscoll v. Austintown Assoc., supra;* and *Burt Realty Corp. v. Columbus, supra.* Additionally, other Ohio courts have allowed declaratory judgment actions to proceed notwithstanding the defense of failure to assert administrative remedies. See *Shemo v. Mayfield Hts., supra; Moore v. Columbus, supra; AEI Group, Inc. v. Ohio Dept. of Commerce, supra; Roth v. Steyer* (Mar. 1, 1989), Seneca App. No. 13–87–16, unreported, 1989 WL 17288.

In the present case, we agree with appellant's argument that *Karches* and its progeny can be harmonized with *Schomaeker,* by noting that in the cases where exhaustion is required, "the plaintiff [as in *Schomaeker* ] was already locked into the administrative proceedings relating to obtaining a variance * * *." See *Brown v. Ada–Liberty Twp. Joint Ambulance Dist. Bd. of Trustees* (July 22, 1986), Hardin App. No. 6–85–8, unreported, 1986 WL 8087; and *Mad River Egg Farm, Inc. v. York Twp. of Union Cty.* (June 27, 1986), Union App. No. 14–85–5, unreported, 1986 WL 7470.

Additionally, this court, in *Shemo,* resolved a similar argument in favor of allowing a declaratory judgment action to proceed. We noted that plaintiffs therein had not become "involved" in an administrative process and attacked the ordinance at issue on constitutional grounds.

■ In the present case, we conclude that appellant had not become "locked" into or otherwise involved in the administrative process. Moreover, appellant is challenging the constitutionality of the zoning ordinance as applied to the property in question and, as we have previously noted, such challenge cannot be made before an administrative agency or before the electorate. Appellee argues, however, that appellant has become involved in the administrative process through its submission before the planning commission of eight subdevelopment plans for the property in question. We do not believe that submitting develop-

ment plans to, and engaging in discussions with, the planning commission constitutes action which can be considered engaging in administrative action. Appellant never sought approval of such plans and, more important, appellant's current plans to build a mid-rise, multi-family development could not be approved by the planning commission or even the board of zoning appeals under the city's zoning ordinance. Appellant's plans require rezoning, which can be approved only by the electorate in a referendum. Moreover, we believe the fact that appellant may have submitted eight different plans to the planning commission may be relevant to the ultimate determination of the constitutionality of the zoning ordinance as applied to the property in question but has no bearing on appellant's ability to pursue administrative remedies concerning its current plans. As concluded previously, such serviceable, administrative remedies in the case *sub judice* simply do not exist.

Appellant additionally argues that its prior knowledge of the zoning restrictions is not a bar to appellant's complaint for declaratory judgment. Appellant contends that the present case is distinguishable from *Mintz v. Pepper Pike* (1978), 57 Ohio App.2d 185, 11 O.O.3d 180, 386 N.E.2d 849, in which this court held:

"A purchaser who acquires real property for a purpose not permissible under current zoning restrictions cannot argue persuasively against the constitutionality of the ordinance based on his loss of profit due to his failure to obtain a change in zoning." *Id.* at syllabus.

We agree that *Mintz* is distinguishable from the case *sub judice*. In *Mintz*, this court reversed the trial court's decision, following a bench trial, that the zoning ordinance therein was unconstitutional as applied to the property in question. This court concluded that the evidence before the trial court established that the zoning ordinance did not prohibit the landowners from profiting from their land; rather, the zoning ordinance merely curtailed a more generous profit. Thus, we agreed with courts of other jurisdictions that "where land is purchased in one zoning classification with the hope of changing its classification to *a more profitable one*, the failure to obtain the change cannot be urged against the validity of the ordinance." (Emphasis added.) *Id.*, 57 Ohio App.2d at 196, 11 O.O.3d at 186, 386 N.E.2d at 856.

The present case, however, is before us by way of a ruling on a motion to dismiss that was converted into a motion for summary judgment. Appellant's allegations, as well as the affidavit of Gene Troiano, indicate that there is currently no viable, profitable use for the property as currently zoned. *Mintz* is distinguishable in this regard, since the facts therein indicated that plaintiffs sought to change the zoning classification to a more profitable classification. Additionally, evidence that appellant was aware of the current zoning classifica-

tion and evidence concerning profitability of the land as currently zoned merely serve to raise a material issue of fact concerning the ultimate constitutionality of the zoning ordinance as applied to the property in question. Therefore, the issue cannot be decided by way of a motion to dismiss and/or for summary judgment.

Additionally, we note that zoning restrictions run with the land, see *State ex rel. Casale v. McLean* (1991), 58 Ohio St.3d 163, 165, 569 N.E.2d 475, 477; *Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals* (1987), 31 Ohio St.3d 260, 31 OBR 463, 510 N.E.2d 373; and *Garrett v. Richfield Twp.* (1973), 45 Ohio App.2d 285, 74 O.O.2d 408, 344 N.E.2d 154, and therefore may be challenged by a property owner notwithstanding prior knowledge of the restrictions.

Finally, we note that appellant has raised a material issue of fact concerning his standing to pursue the instant declaratory judgment action through the affidavit of Gene Troiano. Troiano averred that Perrico Properties owns all of the property in question.

In conclusion, this court holds that appellant may challenge the constitutionality of the city's zoning ordinance as it applies to the property in question through an action seeking declaratory relief. The defense of failure to exhaust administrative remedies is not viable to the city herein, since appellant has demonstrated that there are no serviceable, administrative remedies available.

We therefore conclude that the trial court committed reversible error in granting the city's motion to dismiss. Appellant's six assignments of error are sustained, and this cause is remanded for a determination of whether the zoning ordinance is unconstitutional as applied to the property in question.

*Judgment accordingly.*

BLACKMON, J., concurs.

PATTON, P.J., dissents.

PATTON, Presiding Judge, dissenting.

I respectfully dissent from the majority's disposition of appellant's assignments of error. I would find that the appellant did not adequately demonstrate the existence of genuine issues of material fact concerning the zoning of appellant's property. Consequently, I would affirm the decision of the trial court granting summary judgment in favor of appellee.

Subsequent to initiating a declaratory judgment action to determine the validity of a zoning ordinance as pertaining to a certain piece of property, a party usually must exhaust administrative remedies. *Driscoll v. Austintown Assoc.* (1975), 42 Ohio St.2d 263, 71 O.O.2d 247, 328 N.E.2d 395, paragraph four of the syllabus. There are two exceptions when exhaustion of administrative remedies

is unnecessary. First, if there is no administrative remedy available which can provide the relief sought, or if resort to administrative remedies would be wholly futile, exhaustion is not required. *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 17, 526 N.E.2d 1350, 1355. Second, when the available remedy is onerous or unusually expensive, exhaustion of remedies is unnecessary. *Id.*

In the instant case, appellant claims that the exhaustion of administrative remedies is not required because it would be futile and the administrative challenge would be onerous and unusually expensive. The trial court found that appellant was required to exhaust administrative remedies prior to seeking a declaratory judgment action. The record substantiates this finding.

From August through December 1991, appellant submitted several preliminary subdivision plans for the use of its property to appellee's planning commission. The first plan submitted was for the construction of single-family dwellings. The second plan proposed single-family cluster homes, and the third plan was for single-family detached homes. Appellant also submitted eight different proposals which incorporated the above three plans.

Appellant agreed to meet with appellee to discuss the eight proposals at a special workshop meeting. However, appellant made no further communication with appellee. Instead, without any notice or withdrawal of the plans, appellant filed a complaint for declaratory judgment, alleging that the appellee's zoning for the property is contrary to law.

It is undisputed that the first and third plans did not require rezoning. However, the second plan, which proposed the construction of single-family cluster homes, did require rezoning. Pursuant to the city charter, in order to rezone property, appellee's city council must first approve the plan, and then it must be approved by the electorate by referendum.

Appellant claims that since a change in the zoning code requires a majority vote of the electorate, there is not an administrative remedy available to appellant. This reasoning is unfounded, and appellant should be required to present its plan to city council for its approval, and then, if approved by city council, to the electorate as appellant did in 1988. If the majority of the electorate votes against the rezoning, then appellant may proceed by filing a declaratory judgment action in the court of common pleas.

Appellant also submits that it is not required to exhaust administrative remedies because to do so would be onerous or unusually expensive. This claim is also without merit because appellant has already prepared eight different proposals and presented them to appellee. Moreover, appellee stated that, with minor changes, two of the proposals would have been approved.

Furthermore, a prerequisite for a trial court to have jurisdiction over a declaratory judgment action is that an actual controversy exists, that a final decision concerning the application of the zoning regulation has been made. *Karches, supra*, 38 Ohio St.3d at 16, 526 N.E.2d at 1355.

In the present case, there has not been a final decision with respect to the application of the zoning regulation. Appellant unilaterally stopped attending the scheduled zoning meetings with the appellee and filed suit. None of appellant's plans has been either accepted or rejected by appellee. Therefore, a final decision concerning the application of the zoning regulation of the property has not been made, and appellant has failed to show the existence of a justiciable controversy.

Appellant additionally maintains that its prior knowledge of zoning restrictions is not a bar to its complaint for declaratory judgment. This court held in *Mintz v. Pepper Pike* (1978), 57 Ohio App.2d 185, 11 O.O.3d 180, 386 N.E.2d 849, syllabus, that:

"A purchaser who acquires real property for a purpose not permissible under current zoning restrictions cannot argue persuasively against the constitutionality of the ordinance based on his loss of profit due to his failure to obtain a change in zoning."

The majority distinguishes *Mintz* from the present case by relying on appellant's argument that there is no viable, profitable use for the property as currently zoned, whereas, in *Mintz*, the plaintiffs sought to change the zoning classifications to a more profitable classification. The court stated in *Mintz* that there was no evidence presented that the parcel of land was useless as zoned. Nor was there evidence that the parcel could not be used as zoned for single-family dwellings. The plaintiff's evidence that an office building would be the highest and best use of their parcel, in planning and development terms, was relevant but not controlling. *Mintz, supra*, 57 Ohio App.2d at 194, 11 O.O.3d at 184–185, 386 N.E.2d at 854–855.

*Mintz* controls the present case. Appellant was aware of the zoning classification and what the market would bear when it purchased the property zoned for detached single-family units. Appellant is a seasoned developmental planner well versed in land purchases and cannot now claim that the land is not viable when it has already submitted several plans that clearly show its viability. Therefore, appellant's argument that its land is not viable under the current zoning ordinance is unpersuasive.

I would conclude that the law is clear that appellant should have exhausted its administrative remedies before challenging the constitutionality of the zoning ordinance by way of a declaratory judgment action in the court of common pleas.

I would thus affirm the trial court's decision to grant summary judgment in favor of appellee.