GORDON et al., d.b.a. Gordon Kennels, Appellants,

v.

CITY OF GREEN, Appellee.

[Cite as *Gordon v. Green* (1996), 113 Ohio App.3d 729.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17628.

Decided Aug. 28, 1996.

*Charles D. Hall III*, for appellants.

*Thomas Musarra*, City of Green Law Director, for appellee.

EDWARD J. MAHONEY, Judge.

Plaintiffs Mark Gordon and Marilyn Gordon, d.b.a. Gordon Kennels, appeal from a judgment of the Summit County Common Pleas Court that dismissed their complaint for a declaratory judgment. They had sought a judgment that the building of additional overnight sheltered kennels for boarding animals would not be an expansion of a nonconforming use that would require them to obtain a variance prior to construction. The trial court concluded that the additional sheltered kennels would be an expansion of a nonconforming use and, therefore, that plaintiffs would have to obtain a variance from the Zoning Board of Appeals. This court reverses the judgment of the trial court because plaintiffs could not seek a declaratory judgment on this issue without exhausting all available administrative remedies.

I

Plaintiffs Mark Gordon and Marilyn Gordon are the owners of eight acres of land in the city of Green. Since 1985, they have used that land for their business, Gordon Kennels. That business consists of boarding, grooming, breeding, and training animals. When plaintiffs first started their business, the land was located in Green Township. At that time, Green Township zoning ordinances permitted them to operate a kennel on their property.

In 1992, Green Township merged with the village of Green to become the city of Green. Under the city's zoning ordinances, plaintiffs' property was zoned "R–1 Single–Family." Property owners in that district could use their property for agricultural purposes. Green Codified Ordinances 1266.02(b)(1). However, the zoning code excluded from the definition of "agriculture" the operation of a "kennel":

" * * * The use of land for agricultural purposes, including farming, dairying, pasturage, apiculture, horticulture, floriculture, viticulture and animal and poultry husbandry. 'Agriculture' does not include the feeding of garbage to animals, the operation of maintenance of a commercial stockyard or feedyard or any other level that exceeds normal grazing, or a kennel which, for purposes of this Zoning Code, shall be considered a commercial establishment. * * * " Green Codified Ordinances 1260.06(2).

A "kennel" includes "[a]ny lot or premises on which four or more cats or dogs, or any combination thereof, more than four months of age, are housed, groomed, bred, boarded, trained or sold * * *." Green Codified Ordinances 1260.06(33).

Plaintiffs could continue to operate a kennel on their land as a nonconforming use since they had lawfully used their land for that purpose under Green Township's zoning code. They could not, however, extend, enlarge, or alter that nonconforming use without a variance from the Zoning Board of Appeals. Green Codified Ordinances 1294.07.

Plaintiffs wanted to build additional overnight sheltered kennels on their property. On September 22, 1994, they filed a complaint against the city of Green for a declaratory judgment that the construction of additional kennels would not be an expansion of a nonconforming use that would require them to obtain a variance from the Zoning Board of Appeals. They also asked the court to permanently enjoin the city from "interfering with [their] right * * * to use [their land] for the existing valid nonconforming use."[1] Plaintiffs and the City

---

1. Plaintiffs also asked the court for a declaratory judgment that their property was subject to the fifteen-foot side-yard setoff that was in effect at the time their nonconforming use was established rather than the current eighty-five-foot side-yard setoff. Plaintiffs and the city,

stipulated that plaintiffs had thirteen sheltered overnight kennels and seven unsheltered day kennels and wanted to construct up to twenty additional sheltered overnight kennels in the northeast corner of the property and up to twenty additional sheltered overnight kennels for small dogs and cats in the southeast corner of the property. The parties also stipulated that, if plaintiffs had submitted a proposal to the Zoning Board of Appeals for the construction of additional kennels, the board would have rejected it.

The parties submitted trial briefs to the court. On November 28, 1995, the court dismissed plaintiffs' complaint for a declaratory judgment because it determined that the construction of additional kennels would be an expansion of a nonconforming use and, therefore, that plaintiffs would have to obtain a variance. Plaintiffs timely appealed to this court.

## II

■ This court has an independent duty to determine whether plaintiffs' failure to exhaust administrative remedies before filing this action affected the availability of declaratory relief. See *G.S.T. v. Avon Lake* (1976), 48 Ohio St.2d 63, 64, 2 O.O.3d 217, 218, 357 N.E.2d 38, 39–40. The Ohio Supreme Court first addressed this issue in *G.S.T., supra.* It held that the existence of such remedies does not affect the availability of declaratory relief for a plaintiff who challenges the constitutionality of a zoning ordinance. *Id.* at 65, 2 O.O.3d at 219, 357 N.E.2d at 40.

In *Schomaeker v. First Natl. Bank* (1981), 66 Ohio St.2d 304, 20 O.O.3d 285, 421 N.E.2d 530, the issue arose whether the holding in *G.S.T., supra,* applied to a plaintiff who did not challenge the validity or constitutionality of an ordinance. The Ohio Supreme Court concluded that such a plaintiff may not ask for a declaratory judgment without exhausting available administrative remedies. *Id.* at 312, 20 O.O.3d at 290, 421 N.E.2d at 537. In that case, the plaintiff was challenging a variance that had been granted to a bank. Rather than appeal the granting of the variance, she filed an action in the common pleas court for a declaratory judgment that the variance was void. The Ohio Supreme Court held:

"Given the availability of an R.C. Chapter 2506 direct appeal, a property owner, such as plaintiff, adversely affected by the granting of the use variance to a contiguous property owner may not challenge the granting of such use variance in a declaratory judgment action where such property owner does not assert the invalidity or unconstitutionality of the ordinance." *Id.* at 312, 20 O.O.3d at 290, 421 N.E.2d at 537.

---

however, stipulated that any additional kennels would comply with the city's current side-yard setoff requirements.

The Ohio Supreme Court revisited this issue in *Fairview Gen. Hosp. v. Fletcher* (1992), 63 Ohio St.3d 146, 586 N.E.2d 80. In that case, the Supreme Court affirmed the decision of the Franklin County Court of Appeals based on the reasoning of the appeals court's opinion. The appeals court applied *Schomaeker, supra,* to the facts of that case and held that "declaratory relief was unavailable [to a plaintiff] absent exhaustion of adequate administrative remedies whenever the invalidity or unconstitutionality of [a] zoning ordinance is not asserted * * *." *Id.* at 150, 586 N.E.2d at 83.

In this case, plaintiffs have not challenged the constitutionality of a zoning ordinance. Despite this fact, they have attempted to make declaratory relief an appropriate remedy by stipulating with the city that, if they had submitted a proposal to the Zoning Board of Appeals for the construction of additional boarding facilities, the board would have rejected it. Plaintiffs, however, cannot circumvent the administrative process by stipulating that the result of the process would have been unfavorable to them. After all, the reason for requiring plaintiffs to go through the administrative process instead of going directly to the common pleas court for a declaratory judgment is more than just to provide them with a final administrative order from which they can appeal. As the Ohio Supreme Court has stated:

" 'Exhaustion of [administrative remedies] is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.' *Weinberger v. Salfi* (1975), 422 U.S. 749, 765 [95 S.Ct. 2457, 2467, 45 L.Ed.2d 522]. The purpose ' * -* * is to permit an administrative agency to apply its special expertise * * * and in developing a factual record without premature judicial intervention.' *Southern Ohio Coal Co. v. Donovan* (C.A.6, 1985), 774 F.2d 693, 702." *Nemazee v. Mt. Sinai Med. Ctr.* (1990), 56 Ohio St.3d 109, 111, 564 N.E.2d 477, 480.

Inasmuch as plaintiffs have not asserted the invalidity or unconstitutionality of a zoning ordinance, their failure to exhaust available administrative remedies before filing their complaint for a declaratory judgment precluded them from seeking declaratory relief. See *Jones v. Chagrin Falls* (May 25, 1995), Cuyahoga App. No. 261413, unreported, 1995 WL 322400, discretionary appeal allowed (1995), 74 Ohio St.3d 1445, 656 N.E.2d 346. The judgment of the trial court, therefore, is reversed, and the cause is remanded to the trial court with instructions to dismiss the action.

*Judgment reversed*
*and cause remanded.*

REECE, J., concurs.

BAIRD, P.J., dissents.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.

BAIRD, Presiding Judge, dissenting.

As stated in the majority opinion, plaintiffs seek a declaratory judgment that the construction of additional kennels would not be an expansion of a nonconforming use that would require them to obtain a variance from the Board of Zoning Appeals. This court today holds that they must seek such a variance before they are eligible for a court order saying that they are not required to seek it.

The plaintiffs are not seeking some sort of declaration that they are entitled to a variance; they are, rather, seeking an order determining that they do not have to ask for one. To require that they must ask for one prior to being eligible for a declaration that they need not ask for one, is, it seems to me, inappropriate.