[Cite as *State v. Bays*, 2013-Ohio-4177.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 13-COA-005 |
| LARRY E. BAYS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Ashland County Court of Common Pleas, Case No. 12-CRI-114

JUDGMENT:     Vacated and Remanded

DATE OF JUDGMENT ENTRY:     September 23, 2013

APPEARANCES:

For Defendant-Appellant                For Plaintiff-Appellee

ERIN N. POPLAR
Erin Poplar Law, LLC
1636 Eagle Way
Ashland, Ohio 44805

RAMONA J. ROGERS
ASHLAND COUNTY PROSECUTOR
110 Cottage St.
Ashland, Ohio 44805

ANDREW N. BUSH
Assistant Prosecuting Attorney
110 Cottage St.
Ashland, Ohio 44805

*Hoffman, P.J.*

{¶1} Defendant-appellant Larry E. Bays appeals his conviction and sentence entered by the Ashland County Court of Common Pleas, on five counts of aggravated trafficking in drugs, three counts of aggravated possession of drugs, one count of possessing criminal tools, and one count of tampering with evidence, following a jury trial. Plaintiff-appellee is the state of Ohio.

## PROCEDURAL HISTORY AND FACTS

{¶2} On September 21, 2012, Appellee filed a Complaint against Appellant. The trial court conducted a bond hearing on September 24, 2012, and found Appellant to be indigent. On September 28, 2012, the Ashland County Grand Jury indicted Appellant on five counts of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(1), felonies of the fourth degree; three counts of aggravated possession of drugs, in violation of R.C. 2925.11(A), felonies of the fifth degree; three counts of possessing criminal tools, in violation of R.C. 2923.24(A), felonies of the fifth degree; and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree.

{¶3} Appellant entered a plea of not guilty to the indictment at his arraignment on October 3, 2012. Appellant, through counsel, filed a Motion for Appropriation of Funds for Consulting Defense Experts, and a Motion to Dismiss, asserting the statute under which he was indicted was unconstitutionally vague. After Appellee filed memoranda in opposition to both motions, the trial court denied Appellant's motion via Judgment Entry filed November 7, 2012.

{¶4} The matter proceeded to jury trial on December 11, 2012. The following evidence was adduced at trial.

{¶5} On January 16, 2012, the Ashland Police Department conducted a controlled buy at the Loudonville Tobacco Shop which is owned and operated by Appellant and his wife. The police informant purchased a substance identified as AM-2201, an alleged synthetic marijuana. During the transaction, Appellant compared the substance to "pot". The following day, police executed a search warrant at Loudonville Tobacco Shop and the attached residence, and seized various boxes of synthetic drugs, a cash register and a safe containing money. During an interview with police, Appellant admitted he did not charge tax on the synthetic drugs, he did not display such on the shelves of his store, and he knew people were smoking the substances. Police sent the drugs to BCI for testing.

{¶6} On May 14, 2012, the Ashland Police Department attempted to make another controlled buy from Appellant at the Loudonville Tobacco Shop. Appellant refused to sell the synthetic drugs at that time. After the attempted purchase, Appellant spoke with the informant, advising her he knew she was with the police and "we got our asses busted and we don't do that anymore". The conversation was recorded. Later that same day, using another informant, police made a controlled purchase of AM-2201. A controlled buy was also made on May 21, 2012. The drugs from both buys were sent to BCI for testing.

{¶7} Police executed a search warrant at Loudonville Tobacco Shop and Appellant's residence on May 29, 2012, seizing additional amounts of AM-2201. The drugs were found hidden behind the insulation of an unfinished wall. Video taken from

Appellant's surveillance system revealed images of Appellant leaving the shop, walking through his residence, out the back door, then hiding the synthetic drugs as the police arrived.

{¶8} Subsequently, the police conducted two additional controlled buys on September 7, and 13, 2012. A third search warrant was executed on September 21, 2012, during which additional amounts of AM-2201 were found.

{¶9} Dr. John Sprague, Professor of Pharmacology and Dean of the College of Pharmacy at Ohio Northern University, described how synthetic marijuana such as AM-2201 is manufactured. Dr. Sprague explained traditional marijuana and synthetic marijuana such as AM-2201 bind with the same receptors in the brain and cause similar effects on the brain. Dr. Sprague noted small changes in the chemical structures of synthetic drugs will greatly strengthen the intensity of those drugs. Dr. Sprague noted AM-2201 is forty times more potent than marijuana. The doctor further discussed the similarities in the chemical structures of AM-2201 and JWH-018, a synthetic drug listed on Schedule I of Ohio's drug laws.

{¶10} After hearing all the evidence and deliberating, the jury found Appellant guilty of five counts of aggravated trafficking in drugs, three counts of aggravated possession of drugs, one count of possessing criminal tools, and one count of tampering with evidence. The jury found Appellant not guilty on two counts of possessing criminal tools. The trial court memorialized Appellant's convictions via Judgment Entry filed December 14, 2012. The trial court ordered a pre-sentence investigation report and scheduled a sentencing hearing for February 11, 2013. At the sentencing hearing, the trial court imposed an aggregate prison term of three years.

The trial court memorialized Appellant's sentence via Judgment Entry-Sentence filed February 14, 2013.

{¶11} It is from this conviction and sentence Appellant appeals, raising the following assignments of error:

{¶12} "I. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF DEFENDANT-APPELLANT WHEN IT OVERRULED HIS MOTION FOR APPROPRIATION OF FUNDS FOR CONSULTING DEFENSE EXPERTS.

{¶13} "II. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF DEFENDANT-APPELLANT WHEN IT OVERRULED HIS MOTION TO DISMISS.

{¶14} "III. THE CONVICTION SHOULD BE OVERTURNED DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL."

I

{¶15} In his first assignment of error, Appellant contends the trial court erred in overruling his motion for appropriation of funds for consulting defense experts.

{¶16} The decision to grant funds for expert assistance to indigent defendants is left to the sound discretion of the trial court." *State v.* Mason (1998), 82 Ohio St. 3d 144, 150, 1998 -Ohio- 370 (Citation omitted).

{¶17} As a matter of due process, indigent defendants are entitled to receive the "raw materials" and the "basic tools of an adequate defense." *Ake v. Oklahoma* (1985), 470 U.S. 68, 77, 105 S.Ct. 1087, 1093, 84 L.Ed.2d 53, 62. "While *Ake* involved the provision of expert psychiatric assistance only, the case now is generally recognized to support the proposition that due process may require that a criminal defendant be provided other types of expert assistance when necessary to present an adequate

defense." *Mason*, supra at 149.  In accordance with the United States Supreme Court's decision in *Ake*, the *Mason* Court held:

> [D]ue process, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution, requires that an indigent criminal defendant be provided funds to obtain expert assistance at state expense only where the trial court finds, in the exercise of a sound discretion, that the defendant has made a particularized showing (1) of a reasonable probability that the requested expert would aid in his defense, and (2) that denial of the requested expert assistance would result in an unfair trial.  *Id.*

**{¶18}** In denying Appellant's motion for appropriation of funds for consulting defense experts, the trial court found an expert would not aid in Appellant's defense. The trial court reasoned:

> The analysis required to define the substance in question as a "controlled substance analog" is not [sic] one that is objective and scientific in nature. In other words, the chemical structure either is or is not chemically similar to a schedule I controlled substance, and should not be a matter subject to bias or interpretation.  November 7, 2012 Judgment Entry at 3.

**{¶19}** We disagree with the trial court.  We find without an expert, Appellant could neither verify nor challenge the reliability of Appellee's expert's conclusions or techniques, and as such, may have been denied defenses to the charges.  While the chemistry may be scientific, the conclusion of what is or is not "substantially similar"

involves a subjective analysis/conclusion; one which laymen are unqualified to make and may be subject to dispute among experts. Giving Appellant access to a scientific consultant would even the playing field in the interest of fundamental fairness to ensure a fair trial. Accordingly, we vacate Appellant's conviction and sentence, and remand the matter to the trial court to allow Appellant to consult with an expert at the state's expense, and, if necessary, conduct a hearing regarding the probative value of his or her opinion. Following such consultation, the trial court may reenter the conviction and sentence if it finds Appellant had not been prejudiced by the initial lack of an expert for consultation.

{¶20} Appellant's first assignment of error is sustained.

II

{¶21} In his second assignment of error, Appellant asserts the trial court erred in overruling his motion to dismiss because as R.C. 3719.01(HH), which served as the basis of the charges against him, is unconstitutionally vague.

{¶22} Having sustained Appellant's first assignment of error, we need not address his constitutional argument as a basis for relief. "No court should * * * indulge the constitutional issue if the litigant is entitled to relief upon other grounds." *Burt Realty Corp. v. Columbus* (1970), 21 Ohio St.2d 265, 269, 50 O.O.2d 491, 493, 257 N.E.2d 355, 358; *Greenhills Home Owners Corp. v. Greenhills* (1966), 5 Ohio St.2d 207, 34 O.O.2d 420, 215 N.E.2d 403.

{¶23} Appellant's second assignment of error is overruled.

III

**{¶24}** In his final assignment of error, Appellant raises an ineffective assistance of counsel claim.  Specifically, Appellant contends trial counsel was ineffective for failing to request a hearing pursuant to  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

**{¶25}** Based upon our disposition of Assignment of Error I, we find Appellant's third assignment of error to be premature.

By: Hoffman, P.J.

Farmer, J.  and

Baldwin, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LARRY E. BAYS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 13-COA-005 |

For the reasons stated in our accompanying Opinion, the judgment of the Ashland County Court of Common Pleas is vacated and the matter remanded to the trial court for further proceedings in accordance with our Opinion and the law. Costs waived.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

_____
HON. CRAIG R. BALDWIN