GTE WIRELESS OF THE MIDWEST INCORPORATED, Appellee,

v.

ANDERSON TOWNSHIP et al., Appellants; Wray, Director,
Ohio Department of Transportation, Appellee.

New Par, d.b.a. AirTouch Cellular, Appellee,

v.

Anderson Township et al., Appellants; WRAY, Director,
Ohio Department of Transportation, Appellee.

[Cite as *GTE Wireless of the Midwest, Inc. v. Anderson
Twp.* (1999), 134 Ohio App.3d 352.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 98AP–855 and 98AP–856.

Decided June 17, 1999.

354

---

*Thompson, Hine & Flory, L.L.P., Robert P. Johnson, James W. Wiggin III, James B. Niehaus* and *Richard B. Tranter,* for appellee GTE Wireless of the Midwest, Inc.

*Bricker & Eckler, L.L.P., Randolph C. Wiseman* and *Nelson M. Reid,* for appellee New Par, d.b.a. AirTouch Cellular.

*Wood & Lamping, L.L.P., Robert P. Malloy, Amy Gasser Callow* and *William K. Lundrigan; Craig B. Paynter,* for appellant Anderson Township et al.

*Betty D. Montgomery,* Attorney General, *Frederick C. Schoch, Robert L. Schlatter* and *Pamela J. Vest,* Assistant Attorneys General, for appellee Ohio Department of Transportation.

LAZARUS, Presiding Judge.

Defendants-appellants Anderson Township et al. appeal the decision and entry of the Franklin County Court of Common Pleas denying appellants' motion to dismiss and granting summary judgment in favor of plaintiffs-appellees, GTE Wireless of the Midwest, Inc. ("GTE Wireless") and New Par, d.b.a. AirTouch Cellular ("AirTouch Cellular"), on their respective complaints for declaratory and injunctive relief. In its decision below, the trial court declared that appellees (cellular phone companies that each proposed to build a cellular telecommunications tower on land owned by the Ohio Department of Transportation ["ODOT"] under a license granted to appellees by ODOT pursuant to R.C. 5501.311[E]) were not subject to a provision in Anderson Township's zoning regulation that otherwise prohibited the construction of the towers in question. The trial court held that appellees were entitled to immunity from the local zoning regulation as state actors and that ODOT's right to grant licenses to build cellular telecommunications towers under R.C. 5501.311(E) preempted the authority of townships to regulate such towers. Because we find that the appellees are entitled to state immunity, we affirm.

In 1997 and early 1998, ODOT, pursuant to R.C. 5501.311(E), entered into agreements with GTE Wireless and AirTouch Cellular ultimately granting each a license to construct a cellular telecommunications tower on right-of-ways owned by ODOT in Anderson Township in Hamilton County. GTE Wireless was licensed to build its tower on the triangular area of land bounded by Interstate 275, an entrance ramp to I–275, and Five Mile Road. AirTouch Cellular was licensed to build its tower within an exit ramp loop located at the intersection of State Route 52 and I–275. Both locations are zoned residential under the Anderson Township local zoning resolution. In fact, all of the land adjacent to I–275 in Anderson Township is zoned residential.

The Anderson Township zoning resolution prohibits the construction of cellular telecommunications towers in areas zoned for residential use. The township board of zoning appeals is given, however, the discretion to issue, upon application, a variance allowing the construction of a tower in an area zoned residential if certain requirements are satisfied. These requirements include (1) that the applicant has demonstrated by clear and convincing evidence that its antennae cannot be located on any other communications tower in the vicinity, (2) that the proposed tower be placed a minimum of one hundred feet from every property line, (3) that all buildings and structures be architecturally compatible with any adjacent structures, (4) that screen fencing and landscaping be used for safety, aesthetic, and buffer purposes, (5) that the applicant demonstrate that a technically suitable and feasible site is not available in a nonresidential district, (6) that

the proposed tower is the least aesthetically intrusive for the neighborhood and function, and (7) that the applicant comply with any other generally applicable zoning requirements and have obtained all other appropriate governmental approvals. Anderson Township officials informed appellees and ODOT that Anderson Township intended to enforce its zoning regulation against the proposed towers and that appellees would have to seek a variance if they wished to proceed with construction.

On February 26, 1998, appellees filed separate actions in the Franklin County Court of Common Pleas for declaratory and injunctive relief. Named as defendants in each complaint were the appellants (Anderson Township, Anderson Township Board of Trustees, each member of the board of trustees, and the township zoning director) and Jerry Wray, Director of ODOT. The complaints generally sought a declaration that the construction, operation, and use of the proposed telecommunications towers were not subject to Anderson Township's zoning requirements or procedures and sought an injunction preventing Anderson Township from attempting to enforce its zoning resolution against the proposed towers.

In response, the appellants moved to dismiss the complaints, alleging that venue was improper in Franklin County. Appellants also contended that appellees had failed to exhaust their administrative remedies (by failing to seek a variance under the township resolution). Appellants also filed motions for a temporary restraining order to preserve the *status quo* pending resolution of the declaratory action and for a preliminary injunction seeking to prevent the appellees from constructing their towers until they complied with the notice requirements of R.C. 519.211(B) and sought a variance under the zoning resolution. Finally, the appellants also moved that the two cases be consolidated.

On April 14, 1998, the trial court, by agreement of the parties, ordered that the cases be consolidated, that a hearing on appellants' motion for preliminary injunction be held on May 7, 1998, and that the parties file case dispositive motions by April 22, 1998. Thereafter, the parties filed cross-motions for summary judgment. On May 7, 1998, a hearing was held on the appellants' motions to dismiss, appellants' motion for preliminary injunction, and the parties' cross-motions for summary judgment.

On June 15, 1998, the trial court issued a decision and order denying appellants' motion to dismiss and granting appellees' motions for summary judgment. In particular, the trial court held that ODOT was a necessary party and that, as such, venue was proper in Franklin County. The trial court further held that appellees, by virtue of their agreement with ODOT under R.C. 5501.311(E), benefited from the state's immunity from local zoning under application of *Brownfield v. State* (1980), 63 Ohio St.2d 282, 17 O.O.3d 181, 407 N.E.2d 1365.

Alternatively, the trial court held that ODOT's right to grant licenses to build cellular telecommunications towers under R.C. 5501.311(E) preempted the authority of townships to regulate such towers.

On June 29, 1998, the trial court filed its entry granting summary judgment for appellees. It is from this entry that the appellants appeal, raising the following assignments of error:

First Assignment of Error:

"The trial court erred in denying Anderson Township's motion to dismiss."

Second Assignment of Error:

"The trial court erred in granting GTE's motion for summary judgment and AirTouch's motion for partial summary judgment and in denying Anderson Township's motion for summary judgment."

In their first assignment of error, appellants challenge the trial court's failure to grant their motions to dismiss. Appellants contend that the director of ODOT was inappropriately named as a defendant, that he should have been realigned as a plaintiff, and that without the director of ODOT as a defendant, venue was improper in Franklin County. Appellants also contend that the trial court erred in failing to find that appellees prematurely filed their declaratory judgment actions without first exhausting their administrative remedies. According to appellants, the appellees were required to provide notice of their intent to construct the towers under R.C. 519.211(B) and seek a variance under the zoning resolution before filing suit. We find both of appellants' contentions unpersuasive.

First, appellants concede that the director of ODOT was a necessary party to this action. See, generally, R.C. 2721.12 (requiring that all persons who have an interest that would be affected by a declaratory judgment be made parties thereto), and Civ.R. 19 (requiring joinder of persons needed for just adjudication). Appellants also concede that under the mandates of R.C. 5501.22, the director of ODOT can be sued as a defendant only in Franklin County. Appellants argue, however, that while the director of ODOT was named a defendant in the appellees' respective complaints, he should not be treated as a defendant in this litigation because his interests coincided squarely with those of the plaintiffs (appellees) and against the interests of the other named defendants (appellants). Like the appellees, the director of ODOT sought a judicial determination that the towers at issue were not subject to Anderson Township's zoning resolution. Given the director's real interests in the litigation, appellants contend that he should have been realigned as a plaintiff, thereby rendering the venue requirements of R.C. 5501.22 inapplicable.

While we agree with appellants that the interests of the director of ODOT were allied with those of the appellees, we do not find that this mutuality of interest rendered venue improper. R.C. 5501.22 clearly states that the director of ODOT "shall not be suable, either as a sole defendant or jointly with other defendants, in any court outside Franklin county * * *." Here, the director of ODOT did not initiate this litigation but was sued as a defendant by appellees. Thus, under the plain language of R.C. 5501.22, venue was proper only in Franklin County.

Moreover, appellees' respective declaratory judgment actions were brought in anticipation of and as a substitute for legal action by Anderson Township against the appellees seeking to enforce the Anderson Township zoning resolution against the towers. ODOT would have been a necessary party to any such action and, as such, Anderson Township would have been required to make the director of ODOT a defendant in that litigation. As such, under the mandates of R.C. 5501.22, any legal action that appellants would have taken to enforce the Anderson Township zoning resolution against appellees would have been proper only in Franklin County. Given that Anderson Township itself could not seek legal redress against the appellees in any other jurisdiction but Franklin County, we find that appellees' declaratory judgment actions, brought in lieu of Anderson Township's legal action and seeking to enjoin enforcement of the zoning resolution, were properly brought in Franklin County.

 We also reject appellants' contention that appellees' declaratory judgment actions should have been dismissed because appellees failed to exhaust administrative remedies. While a party ordinarily must exhaust administrative remedies prior to instituting a declaratory judgment action to determine the validity of a zoning regulation to a particular proposed use, exhaustion is not required under certain circumstances. See, generally, *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 526 N.E.2d 1350. In particular, exhaustion is not required when there is no administrative remedy available that can provide the relief sought, when resorting to an available administrative remedy would be futile, or when the available administrative remedy is onerous or unusually expensive. *Id.* at 17, 526 N.E.2d at 1355–1356; *Perrico Property Sys. v. Independence* (1994), 96 Ohio App.3d 134, 140, 644 N.E.2d 714, 718.

Here, appellees sought a declaration that R.C. 5501.311 completely exempts them from any local zoning requirements concerning the construction and use of cellular phone towers on ODOT property and/or that they are immune from such local zoning requirements under the state immunity doctrine. As such, complying with administrative remedies by seeking a variance would not provide the relief that they sought—*i.e.*, freedom from any local zoning requirements. Moreover, this court has specifically held that a party need not seek a variance or other administrative remedies prior to claiming immunity under the state immu-

nity doctrine. See *Taylor v. Ohio Dept. of Rehab. & Corr.* (1988), 43 Ohio App.3d 205, 209, 540 N.E.2d 310, 314–315.

For the foregoing reasons, appellants' first assignment of error is not well taken.

In their remaining assignment of error, appellants challenge the trial court's decision on the merits of appellees' respective complaints, *i.e.*, that appellees' proposed telecommunications towers were not subject to the substantive or procedural requirement of the Anderson Township zoning regulations. Appellants contend that the trial court erred in finding that appellees' licenses under R.C. 5501.311(E) authorizing them to construct towers on ODOT property automatically exempted them from a township zoning resolution specifically authorized under R.C. 519.211(B). Appellants also contend that the trial court erred in holding that appellees were entitled to immunity under the state immunity doctrine. While we find that the trial court erred in holding that appellees' licenses under R.C. 5501.311(E) automatically exempted them from the township zoning resolution concerning towers in residential areas, we find that the trial court correctly held that appellees were otherwise immune from such resolution under the state immunity doctrine.[1]

In support of their arguments, appellants highlight and rely on the provisions of R.C. 519.211. Under this statute, a township generally has no authority to regulate buildings and structures of any public utility. R.C. 519.211(A). However, under division (B) of the statute, townships are provided limited authority to regulate the construction and operation of certain telecommunications towers, even those proposed to be built by public utilities like appellees here. See, generally, *Campanelli v. AT&T Wireless Serv., Inc.* (1999), 85 Ohio St.3d 103, 706 N.E.2d 1267 (holding that wireless telecommunications providers are public utilities under R.C. 519.211 and that townships have authority to regulate construction of telecommunications towers by such providers only if the exception found in division [B] is implicated). In particular, a township only has authority to regulate towers that are proposed to be built in an area zoned for residential use and satisfy the other criteria listed in division (B)(1)(a) through (e). Any person who proposes to build a tower satisfying all of these criteria must provide notice to the local township board of trustees and the landowners adjacent to the proposed tower site. R.C. 519.211(B)(3). If, within fifteen days of the mailing of

---

1. Appellants also argue that the Anderson Township zoning resolution is not preempted by federal law, in particular the Federal Telecommunications Act of 1996. However, whether the zoning resolution at issue here is preempted by federal law was not addressed by the trial court or a basis of its decision below. In addition, appellees do not argue on appeal that federal preemption provides an alternative basis for affirming the trial court's decision. As such, the issue of federal preemption is not properly before this court and will not be addressed in this opinion.

the notices, any trustee or adjacent landowner objects to the proposed tower, the board of trustees shall send a timely written notice to the proponent of the proposed tower that it is subject to the township zoning authority. R.C. 519.211(B)(4)(a). If no landowner or trustee timely objects, or if the board fails to timely notify the proponent of the tower of such an objection, the township has no authority to regulate the proposed tower. R.C. 519.211(B)(2) and (B)(4)(b). The parties apparently agree that the proposed towers at issue in this case implicate division (B).

Appellees, on the other hand, highlight and rely on divisions (E) and (G) of R.C. 5501.311. Pursuant to these provisions, the director of ODOT is authorized to grant a lease, easement, or license in ODOT property to a telecommunications service provider for construction, placement, or operation of a telecommunications facility, including a telecommunications tower. A lease, easement, or license granted pursuant to this provision is subject to numerous conditions. See, generally, R.C. 5501.311(E)(1)–(7). Significant among these requirements is that the tower "shall be designed to accommodate the state's multi-agency radio communication system, the intelligent transportation system, and the department's communication system as the director may determine is necessary for highway or other departmental purposes." R.C. 5501.311(E)(3). In addition, the telecommunication service providers must indemnify the state and its agents "from liability for damages arising out of safety hazards, *zoning,* and any other matter of public interest the director considers necessary." (Emphasis added.) R.C. 5501.311(E)(6). Finally, any lease, easement, or license and any facility related thereunder is "deemed to further the essential highway purpose of building and maintaining a safe, efficient, and accessible transportation system." R.C. 5501.311(G).

Appellants argue that the provisions of both R.C. 519.211 and R.C. 5501.311 can be given effect. Appellants contend that pursuant to R.C. 519.211(B), Anderson Township is specifically authorized to regulate the construction of telecommunications towers at issue here and that this authority does not necessarily interfere with ODOT's authority to enter into leases under R.C. 5501.311(E). According to appellants, those who enter into agreements with ODOT pursuant to R.C. 5501.311(E) must still comply with the procedural and substantive mandates of local zoning resolutions if the tower is proposed to be constructed in an area zoned for residential use and satisfies the other criteria listed in R.C. 519.211(B)(1).

In response, appellees contend that R.C. 5501.311(E) expressly grants ODOT the authority to enter into contracts for the construction of telecommunications towers on ODOT property and therefore implicitly exempts such towers from a township's procedural and substantive regulations. Appellees argue that to hold

otherwise would allow local zoning to preclude that which is otherwise affirmatively permitted by state statute. Appellees further contend that the relevant provisions of R.C. 5501.311 should govern because they were enacted more recently than the relevant provisions of R.C. 519.211(B).

We find that the ultimate conclusions reached by both parties are inconsistent with the language of the two statutes and with our obligation to give full force and effect to both when possible. A license granted under R.C. 5501.311(E) does not automatically trump application of local zoning regulations concerning the construction of telecommunications towers in residential areas, nor does the authority granted townships under R.C. 519.211(B) automatically mandate that such regulations be applied to all such towers. Rather, the controlling issue is whether the proponent of the proposed tower to be built pursuant to R.C. 5501.311(E) is entitled to the same immunity from local zoning that any other state actor would have if the state itself were building the tower.

First, the language of R.C. 5501.311 does not establish appellees' entitlement to an exemption from local zoning. Nothing in the statute affirmatively subjects the proposed facility to local zoning regulations, and nothing in the statute affirmatively exempts such facilities from such local zoning. However, certain provisions indicate that the legislature did not intend to automatically exempt grantees from local zoning requirements. As noted above, the statute requires that the state be indemnified from liability, including that related to zoning, and the statute specifically states that facilities constructed pursuant to its terms serve an essential state function, a significant element in the traditional state immunity doctrine. Neither provision would be necessary if leases pursuant to R.C. 5501.311(E) were automatically exempt from local zoning. Thus, we find no authority under the language of R.C. 5501.311 automatically exempting the towers at issue from local zoning.

Correspondingly, the language of R.C. 519.211(B) does not mandate that local zoning regulations automatically apply to towers erected by public utilities on residentially zoned property under agreement with ODOT. As discussed above, R.C. 519.211(B) creates a narrow exception to the general rule that townships have no power to regulate buildings and structures of public utilities. Under this scheme, a township has authority to regulate the construction of a particular telecommunications tower only if the statutory criteria are satisfied and a township trustee or adjacent landowner objects after receiving the required notice from the public utility. R.C. 519.211(B)(4). Thus, R.C. 519.211(B) establishes a threshold or trigger that must be satisfied before a township even has authority to regulate the construction of particular telecommunications towers by public utilities. However, just because the statutory scheme may trigger a township's authority to regulate, nothing in the statute requires or mandates that

such regulation apply in all cases. In particular here, nothing in R.C. 519.211(B) precludes a public utility from otherwise avoiding the application of the local zoning to a specific proposed tower under the state immunity doctrine. In other words, satisfaction of R.C. 519.211(B) is necessary but not alone sufficient to make a township zoning regulation apply to a telecommunications tower proposed to be built pursuant to R.C. 5501.311(E).

■ Under this analysis, both R.C. 5501.311 and 519.211 are given effect. ODOT is free to enter into licenses with public utilities for the construction of telecommunications towers on ODOT land. However, if the tower is proposed to be built on property zoned for residential use and satisfies the other criteria listed in R.C. 519.211(B)(1), the public utility must provide the notices to the township trustees and contiguous landowners as required by R.C. 519.211(B)(3). If a trustee or landowner timely objects, the township zoning resolution is triggered, but only to the extent that the state immunity doctrine does not otherwise protect the public utility. Thus, the public utility is ultimately treated the same as any other state actor that proposes to use its property contrary to existing local zoning regulations. Therefore, the governing inquiry in cases such as this is whether or not the proponent of the communications tower satisfies the state immunity doctrine.

■ Appellants contend that the trial court erred in finding that appellees were entitled to state immunity under the principles set forth in *Brownfield, supra*. In *Brownfield*, the state of Ohio purchased a house in the city of Akron to be used as a halfway house for patients discharged from a state psychiatric facility. In furtherance of this purpose, the state leased the residence to a private corporation, which in turn provided the day-to-day supervision of the facility and its residents. The proposed halfway house was located in an area zoned by the city for single-family residential use. Believing that the halfway house would violate its zoning ordinance, Akron sued both the state and the private lessee, seeking a declaratory judgment and injunction preventing the proposed state use.

■ On appeal to the Ohio Supreme Court, the court rejected the rule of absolute state immunity from local zoning. Rather, "[w]henever possible, the divergent interests of governmental entities should be harmonized rather than placed in opposition." *Brownfield*, 63 Ohio St.2d at 286, 17 O.O.3d at 183, 407 N.E.2d at 1368. Thus, unless there exists a direct statutory grant of immunity, the state "must make a reasonable attempt to comply with the zoning restrictions of the affected political subdivision." *Id.* Only after efforts to comply with the zoning have failed or where compliance would frustrate or significantly hinder the public purpose underlying the state use does the issue of state immunity arise. *Id.* Moreover, when the court determines whether the proposed use should be

immune from the zoning laws, the court should consider (1) the essential nature of the government-owned facility, (2) the impact of the facility upon surrounding property, and (3) the alternative locations available for the facility. *Id.* at 286–287, 17 O.O.3d at 184, 407 N.E.2d at 1368. Based upon these principles, the *Brownfield* court held that the state failed to establish its entitlement to immunity because the state made no effort to comply with the Akron zoning ordinance, which would have otherwise permitted a halfway house in a different location within the city limits. *Id.* at 287, 17 O.O.3d at 184, 407 N.E.2d at 1368.

Here, appellants contend that (1) the appellees, as private entities, are not entitled to state immunity from local zoning, especially because the proposed towers were not designed to advance a public purpose but, rather, to advance appellees' private financial interests, (2) appellees failed to make any effort, let alone any reasonable effort, to comply with the Anderson Township zoning resolution, and (3) the trial court's conclusion that the proposed towers furthered an essential highway purpose was not supported by the facts. We disagree.

First, appellees are not precluded from coverage under the state immunity doctrine simply because they are private entities or because the towers will advance their financial interest. Contrary to the interpretation advanced by appellants, the state immunity doctrine does apply to the activities of private entities when the activities are done in agreement with the state and in furtherance of the identified state purpose. In *Brownfield, supra,* the Supreme Court dismissed the state as a party under principles of sovereign immunity. *Id.* at 283–284, 17 O.O.3d at 182, 407 N.E.2d at 1366.[2] The court still addressed, however, the issue of state immunity as it related to the city's remaining action against the private lessee and day-to-day supervisor of the proposed halfway house. *Id.* at 284–287, 17 O.O.3d at 182–184, 407 N.E.2d at 1366–1368. Thus, it is not the private status of the appellee that is relevant but, rather, the public nature of the activity sought to be regulated by the local zoning authority that determines whether the state immunity doctrine may be implicated.

The case of *Campbell v. Jackson Twp. Bd. of Zoning Appeals* (Feb. 20, 1996), Stark App. No.1995CA00223, unreported, 1996 WL 74077, relied upon by appellants, is not to the contrary. In *Campbell,* the court held that a private entity could not rely on the general exemption from local township zoning regulation provided to public utilities under R.C. 519.211(A) simply because the private entity had entered into a lease with a public utility and the activity in question related to the public utilities property. The court held that the statutory exemption of R.C. 519.211(A) only applied to a public utility itself and only when a

---

2. This aspect of the *Brownfield* decision was later overruled in *Racing Guild of Ohio, Local 304 v. State Racing Comm.* (1986), 28 Ohio St.3d 317, 28 OBR 386, 503 N.E.2d 1025.

public utility used its land for operation of its business. However, nothing in *Campbell* involved the applicability of the state immunity doctrine and nothing in the court's opinion precludes application of the state immunity doctrine here.

Likewise, the fact that the towers at issue will primarily further the private interests of the appellees does not eliminate the state purposes underlying the licenses granted by ODOT or the towers to be built thereunder. As noted above, R.C. 5501.311(E) requires that any tower constructed thereunder must be designed to accommodate the state's multi-agency radio communication system, the intelligent transportation system, and ODOT's communication system as the director of ODOT may determine. Here, the evidence in the record reveals that the Ohio State Highway Patrol proposed to locate communications equipment on the GTE Wireless tower and that Cincinnati's Intelligent Transportation System proposed to locate communications equipment on both towers. As such, the public purposes being furthered by the proposed towers are sufficient to make the state immunity doctrine available to the appellees.

Second, appellants' contention that the appellees failed to make reasonable efforts to comply with the Anderson Township zoning resolution is unfounded. As noted by the trial court, the uncontroverted evidence shows that both appellees made efforts prior to entering into their respective arrangements with ODOT to cooperate with Anderson Township in finding mutually agreeable sites to construct their towers. Both appellees worked with Anderson Township in its efforts at redrafting its zoning resolution concerning cellular telecommunications towers, both parties complied with the township's request to consider multiple shorter towers, and both parties attempted to obtain permission to build and colocate on a tower in the Withrow Nature Preserve, which attempt was rejected by the Hamilton County Park Board.

Moreover, once the appellees entered into their respective agreements with ODOT under R.C. 5501.311(E), their failure to notify the adjoining landowners pursuant to R.C. 519.211(B) and their failure to seek a variance do not constitute failures to make reasonable efforts at complying with the local zoning resolution. This court has previously held that reasonable efforts in this regard do not require that the state actor comply with procedures to obtain permits, variances, or changes in existing zoning laws. See *Taylor v. Ohio Dept. of Rehab. & Corr.* (1988), 43 Ohio App.3d 205, 209, 540 N.E.2d 310, 314–315. Rather, the state actor must make only reasonable attempts to comply with the existing land-use restrictions contained in the local zoning resolution. *Id.* Likewise, the appellees' failures to provide notice as required under R.C. 519.211(B) were not failures to attempt to comply with the land-use restrictions of Anderson Township's zoning resolution; rather, they were failures to comply with the statutory scheme by which the local zoning resolution are initially triggered. We

further note that unlike in *Brownfield, supra,* where the zoning regulation at issue did not prevent the state from establishing a halfway house at another location within the city, the land-use restrictions of the Anderson Township zoning resolution does, in effect, preclude the proposed state use here. Given that all of the I–275 right-of-way in Anderson Township is zoned residential, compliance with the land-use restrictions by seeking alternative sites would necessarily preclude any sites along I–275, thus frustrating and/or significantly hindering the state purposes sought be achieved through a license granted under R.C. 5501.311(E).

Finally, we also reject appellants' contention that state immunity is not applicable because appellees failed to factually prove that their proposed towers fulfill an essential highway purpose. First, no such factual proof is necessary as the General Assembly has already determined that the appellees' proposed telecommunications towers "are deemed to further the essential highway purpose of building and maintaining a safe, efficient, and accessible transportation system." R.C. 5501.311(G). It is not the role of the courts to second-guess the policy determinations of the legislature as to what does or does not further an essential highway purpose. Given the statutory requirements that such facilities be designed to accommodate communication equipment for the state and its agencies, the legislative finding is not irrational.

Moreover, even if the record were less than clear as to whether the appellees' proposed towers furthered an essential highway purpose, the other *Brownfield* factors strongly support a finding of immunity. Appellants failed to show how either tower would detrimentally impact the surrounding property. In fact, it is hard to imagine a less intrusive location than that at issue here (*i.e.,* within ODOT's right-of-way along an interstate highway). In addition, appellants have never suggested an alternative available site that would still satisfy the state purposes sought to be achieved by these towers.

In sum, we find that the trial court did not err in granting summary judgment for appellees and in declaring appellees immune from the Anderson Township zoning resolution. Consequently, appellants' second assignment of error is not well taken.

For the foregoing reasons, all three of appellants' assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and DESHLER, JJ., concur.