OPINION
{¶ 1} Defendants-appellants, the trustees and zoning inspector of Catawba Island Township ("the township trustees"), appeal a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff, Ohio Logos, Inc. ("Logos"), and defendant Gordon Proctor, Director of the Ohio Department of Transportation ("ODOT"), who had been named as a necessary party.
{¶ 2} The dispute centers on the installation of road signs in Catawba Island Township pursuant to R.C. 4511.101 through 4511.106, which established a program to place tourist-oriented directional signs ("TODS") along Ohio roads. Under R.C. 4511.103(B), the TODS program is operated by ODOT or a program manager under contract to ODOT. From 1996 through 1998, Logos was the program manager, and it installed road signs at locations in Catawba Island Township pursuant to permits issued by ODOT.
{¶ 3} In 1999, the township trustees notified ODOT that the signs violated local zoning regulations and must be removed. The trustees asserted that, under the local regulations, "governmental" signs were exempt but that the TOD signs were non-governmental in nature.
{¶ 4} The signs were not removed, and the township zoning inspector sent ODOT a notice of violation, disputing the right of Logos and ODOT to place signs in the township and warning of criminal prosecution unless the signs were removed. Logos then commenced the present action in the common pleas court seeking injunctive relief together with a declaration of its immunity as a state actor and a declaration that the signs were exempt under the local zoning regulations.
{¶ 5} The township trustees filed an answer, substantially admitting the factual allegations. However, the trustees denied that Logos was engaged in a governmental function on the grounds that the TODS program was an advertising program paid for by private advertisers, and Logos was engaged in a profit-making venture in which it increased its profit by installing more signs. Accordingly, the township trustees contended that Logos' activities were subject to local regulation.
{¶ 6} In addition, the township trustees filed a counterclaim, in which they alleged that Logos violated state law. Requesting declaratory and injunctive relief, the trustees alleged that Logos had violated the TODS statutes by installing signs not permitted within the legislative scheme (such as signs for ineligible businesses).
{¶ 7} Logos and ODOT filed a motion for summary judgment, seeking not only the relief requested in the complaint but, also, seeking dismissal of the counterclaim. The township trustees opposed the motion, asserting, inter alia, that Logos had not complied with state law in implementing the TODS program. Logos filed a reply, stating that any violations of state law were irrelevant to the issue of whether the township could ban all TODS signs.
{¶ 8} In an opinion filed August 28, 2001, the trial court granted summary judgment, concluding that the state was acting within its governmental function in implementing the TODS program enacted by the legislature. Therefore, to the extent the statutory scheme conflicted with local regulations, state law controlled, and compliance with the local regulations would hinder the legislatively mandated public purpose. ODOT, therefore, could implement the TODS program in the township, and Logos was immune from compliance with local regulations as a state actor. In the alternative, the trial court found that the TOD signs were "governmental" or "traffic" signs within the meaning of the township regulations and were therefore not prohibited under the local zoning restrictions.
{¶ 9} In its August 2001 opinion, the trial court did not address the allegations in the trustees' counterclaim that Logos violated state law. However, the judgment entry of September 25, 2001, granted the motion for summary judgment in full, including a dismissal of the counterclaim. The township trustees appealed, assigning two errors, as follows:
{¶ 10} "[1.] THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE EXISTED A GENUINE ISSUE FOR TRIAL WITH WHICH REASONABLE MINDS COULD REACH DIFFERENT CONCLUSIONS.
{¶ 11} "[2.] THE TRIAL COURT IMPROPERLY GRANTED PLAINTIFF-APPELLEE GOVERNMENTAL IMMUNITY FROM LOCAL ZONING RESTRICTIONS."
{¶ 12} We address the latter assignment of error first. Under R.C. 4511.103(B), ODOT was required to implement the TODS program or to contract with a manager to implement it. There is no dispute that Logos was the statutorily authorized program manager. Therefore, in installing the signs, Logos was performing a government function on behalf of the state. Logos was entitled to the same immunity that ODOT would have if it installed the signs. See GTE Wireless v. Anderson Township (1999),134 Ohio App.3d 352, 362.
{¶ 13} As to the allegation that Logos received a profit in the course of performing its contractual obligations, we find no reason to conclude that a governmental function loses its governmental nature when the state delegates its performance to a private contractor. Here, the fact that a state contractor was paid for performing the governmental activities did not alter the character of the activities themselves. The relevant matter is not the status of the actor but the nature of the activity to be regulated. Id. at 364.
{¶ 14} Moreover, while reasonable persons could disagree about whether the TODS program is desirable in every respect, the fact remains that the General Assembly enacted the provisions set forth in R.C. 4511.101
through 4511.106, thus reflecting a policy determination by the legislature regarding the public interest. See id. at 366 (indicating that the actor seeking immunity need not demonstrate the furtherance of a public interest where the legislature has already made a policy determination). The township trustees have made no argument that the statutes were not lawfully enacted.
{¶ 15} In addition, we find no error in the trial court's determination that the TOD signs qualified for the exemption in the local zoning regulation for "governmental" signs. Because TOD signs, as defined in the statute, were within the local exemption, Logos did not violate the zoning regulations in installing them.
{¶ 16} We, therefore, overrule the second assignment of error based on the following conclusions: (1) Logos stood in the shoes of ODOT and shared whatever immunity ODOT would have as a state actor; (2) ODOT, in implementing the installation of TOD signs across the state, was engaging in a governmental function specifically authorized by the legislature in R.C. 4511.101 through 4511.106 in furtherance of a public interest; and (3) a TOD sign as defined in the statutes is a "governmental" sign within the meaning of the township's zoning regulations. We affirm the trial court's determination that state law controlled rather than local law and that, to the extent the statutory scheme conflicted with local regulations, the state could implement the TODS program in the township. In addition, we uphold the conclusion that, in any event, the TOD signs were not prohibited under local law because they were "governmental" signs within the meaning of the township zoning regulations.
{¶ 17} In regard to the first assignment of error, the township trustees contend that granting Logos' motion was not appropriate because "there existed a genuine issue with which reasonable minds could reach different conclusions." Specifically, the trustees identify the issue for trial as "[w]hether a private, for-profit entity under contract with the State deserves the benefits of governmental immunity when it blatantly ignores state requirements under which the contract exists." (Appellant's brief at 5.)
{¶ 18} Under Civ.R. 56(C), summary judgment is appropriate where the evidence before the court demonstrates that no genuine issue as to any material fact remains to be litigated and where, viewing the evidence mostly strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion for summary judgment is made. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629.
{¶ 19} In the present action, the parties do not dispute the material facts. Resolution of the dispute does not depend upon resolution of factual issues but upon interpreting the law and applying it to the undisputed facts. Therefore, summary judgment was an appropriate method for resolving the issues.
{¶ 20} However, as explained more fully below, immunity from compliance with local regulations is not equivalent to immunity from compliance with state law, and the trial court erred in failing to state any reason for dismissing the counterclaim insofar as it claimed violations of state law. The state, whether acting through ODOT or a contractual agent, was required to comply with the Ohio Revised Code.
{¶ 21} In the counterclaim, the township trustees alleged that Logos violated the Ohio Revised Code in implementing the TODS program, claiming that some of the signs violated statutory limitations. Although the primary thrust of the trustees' pleadings was to obtain a complete ban of the signs under local law, the alternative position was that, even if Logos could install the signs, it was nonetheless required to comply with the TODS statutes, which it failed to do with regard to some of the signs. Although we note that the township trustees could have requested a writ of mandamus from the trial court, asking the court to compel Logos as a state actor to comply with its statutory duties, we conclude that the trustees' request for declaratory and injunctive relief sufficiently raised the issue of Logos' alleged noncompliance with state law.
{¶ 22} The trial court, however, did not address in its opinion this claim by the trustees. We recognize that some aspects of the counterclaim were rendered moot by the grant of summary judgment on Logos' claims. For example, defendant's request for affirmative relief in regard to noncompliance with local law was rendered moot by the summary judgment. However, the trial court's legal conclusions in the opinion in August 2001 did not moot the trustees' claims regarding noncompliance with state law.
{¶ 23} We, therefore, sustain the first assignment of error in part. It cannot be disputed that Logos was required to comply with the TODS provisions in the Revised Code, and, in its counterclaim, the township trustees asserted violations of state law by Logos. However, the judgment entry dismissed the counterclaim in its entirety without stating a basis for dismissal, and we remand for further proceedings.
{¶ 24} In summary, we conclude that summary judgment was an appropriate method for resolving the disputes, and we find no error in the trial court's conclusions in its opinion issued on August 28, 2001, that state law controlled, that Logos was immune from compliance with local regulations, and that TOD signs are exempt under the local regulations. We conclude only that the counterclaim asserted a violation of state law and that the rulings set forth in the opinion did not moot that part of the counterclaim. Therefore, in its judgment entry of September 25, 2001, the trial court erred in summarily dismissing the counterclaim in its entirety without stating a basis for dismissal.
{¶ 25} For the foregoing reasons, appellants' first assignment of error is overruled in part, but is sustained to the extent that the trial court erred in granting summary judgment in favor of Logos on claims raised in the counterclaim, as specified above. Appellants' second assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court to vacate the judgment entry of September 25, 2001, insofar as it dismissed the entire counterclaim, and to address the statutory violations alleged in the counterclaim.
Judgment affirmed in part, reversed in part, and cause remanded with instructions.
BOWMAN and BROWN, JJ., concur.