## STATE ex CLIFTON HIGHLAND CO v LAKEWOOD (city)

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided April 27, 1931

Hawley & Gilson, M. W. Vickery and J. W. McCarron, Cleveland, for Clifton-Highland Co.

R. G. Curren, Cleveland, for Lakewood (city).

LEMERT, J, SHERICK, PJ, and MONTGOMERY, J (5th Dist), sitting.

LEMERT, J.

The authority for such municipal zoning ordinance, or what might be termed the zoning enabling act hereinbefore cited, was adopted by the Legislature, and leaves no doubt as to the intention of the Legislature as to authority to be conferred upon municipalities to enact such legislation. We note that one of the first cases to be given attention by the courts of this state was in the case of city of **East Cleveland** found in 22 **N.P. (N.S.) 549.** This was an effort to compel the building commissioner to issue a permit for the erection of an apartment house in a district from which apartment houses were excluded by the East Cleveland comprehensive zoning ordinance. The court refused the writ against the inspector of building and discussed at some length the question of zoning ordinances and the police power to enact such ordinances.

Keeping in mind the agreed statement of facts submitted to us, we note that a very helpful case is to be found in **112 Oh St 628,** which had to do with a zoning ordinance of the city of Cincinnati. A building permit had been issued for the construction of an apartment house in violation of the provisions of the Cincinnati zoning ordinance relating to the height, dimensions, area and bulk of the buildings within the residence district. The plaintiff in that action, being an adjoining owner prayed for a restraining order and predicated her right thereto upon the Cincinnati zoning ordinance, the question being raised in that case perhaps for the first time as to whether Ohio municipal authorities may definitely divide and zone a city, planning its development and regulating area, bulk, height and use of buildings differently in different districts. The Supreme Court in this case squarely met the issue presented,

and found as follows:

"Laws enacted in the proper exercise of the police power, which are reasonably necessary for the preservation of the public health, safety and morals, even though they result in the impairment of the full use of property by the owner thereof, do not constitute a taking of private property within the meaning of the constitutional requirements as to making compensation for the taking of property for public use or as to the deprivation of property without due process of law."

They further held that an ordinance enacted by a municipality under **Article 18, §3 of the Ohio Constitution** and under §4366-1 to 12 GC, dividing the whole territory of the municipality into districts according to a comprehensive plan, which in the interest of public health, safety and morals regulates the uses for trade, industry, residence or other specific uses, the height, bulk or location of buildings and other structures thereafter to be erected or altered including the percentage of occupancy, set-back building lines and the area of yards, courts and other spaces, and for such purpose divides the city into zones or districts of such number, shape and area as are suited to carry out such purposes, and provides a method of administration therefor and prescribed penalties for the violation of such provisions, is a valid and constitutional enactment.

The provision of a zoning ordinance, limiting the subsequent addition, extension or substitution of business buildings or the use thereof, existing in a residential district at the time of the enactment of such ordinance where it does not appear that such restrictions have no real or substantial relation to the public health, safety, morals or general welfare, is a valid exercise of the police power and is not violative of either the state or federal constitution, **120 Oh St 418.**

Another very helpful case is to be found in 37 Federal, 336, this being the case of Koch v City of Toledo, wherein it was held that a zoning ordinance creating residential district and excluding apartment houses therefrom was not, in view of facts that construction of apartment houses would impair value of residential property and render it less desirable, arbitrary and unreasonable, in violation of constitutional amendment 14 and the **Constitution of Ohio, Article 1, §19.**

In the agreed statement of facts submitted to us it shows that the premises

described in the petition· are now used for apartment house purposes, and that other property on Clifton Boulevard in the city of Lakewood by zoning ordinance is restricted to use for apartment house purposes. Also that certain property in the same vicinity in Lakewood is used for business purposes, and part of this use existed prior to the .adoption of the zoning ordinance and has continued ever since.

Highland Avenue-West 117th Street is the dividing line between the city of Lakewood and the city of Cleveland. The city of Lakewood has no jurisdiction over the property of the city of Cleveland on this street. The property thereon is covered by the zoning ordinance adopted by the city of Cleveland in 1929. The zoning ordinance for the city of Lakewood applies to property within the city of Lakewood.

If business buildings are to be permitted on the premises described in the petition, it then becomes a question as to what portion of Clifton Boulevard shall be classified for business and retail store purposes.

From the authorities submitted to us by way of brief, and the examination of additional authorities convinces us that the introduction of business places in a residential district changes the character of the use of the real estate in such a way as to affect the public health, safety and general welfare.

The relators in the prayer of their petition pray that the said zoning ordinance in so far as it prohibits the use of the premises of these relators for the erection and construction of said proposed building, or any other building conforming to the requirements of the building regulations and code of said city, containing business stores and business shops 'and offices for the transaction of business as hereinbefore set forth, may be declared unconstitutional and void; that a writ of mandamus issue against respondents requiring them to issue to these relators a building permit for the erection of said proposed building containing stores, shops and offices to be used for business purposes, etc.

This being an action in mandamus the facts submitted and proof produced must be plain, clear and convincing before a court is justified in using the strong arm of the law by way of granting a writ in mandamus. We believe from a thorough and complete examination of this case that the Lakewood zoning ordinance covering the property described in the petition is a reasonable regulation within the police power of the municipality.

It therefore follows that there will be a decree for the defendant with costs of suit adjudged against plaintiffs. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.