OPINION
On October 15, 1999, the Lake County Court of Common Pleas issued a declaratory judgment striking the residential zoning designation of certain realty in Willoughby Hills, Ohio, and declaring the property to be zoned B-Commercial. Appellant, the City of Willoughby Hills ("the City") appeals this adverse judgment and asserts the following assignments of error for our consideration:
 "[1.] The trial court erred to the prejudice of the Appellant by granting the Appellee's motions for reconsideration and relief pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure[.]
 "[2.] The trial court erred to the prejudice of the Appellant by holding that Appellant did not have a constitutional, reasonable, nor lawful basis for refusing Appellee's request to develop the remaining portion of the subject property in a commercial manner, and, therefore, ordering that the 3.3 acre parcel of land be declared zoned `B-Commercial.' based upon the doctrines of res judicata and collateral estoppel.
 "[3.] The trial court erred to the prejudice of the Appellant by holding that Appellant did not have a constitutional, reasonable, nor lawful basis for refusing Appellee's request to develop the remaining portion of the subject property in a commercial manner, and, therefore, ordering that the 3.3 acre parcel of land be declared zoned `B-Commercial.' against the manifest weight of the evidence[.]"
In April 1998, appellee, Snavely Development Company ("Snavely") filed an action in the trial court against the City seeking a declaration that the residential zoning of a 3.3 acre tract of land owned by Snavely was unreasonable, unlawful, arbitrary, capricious, and unconstitutional. Snavely requested that it be permitted to develop the property in a commercial manner.
In October 1998, Snavely filed a motion for summary judgment alleging that a prior decision of the trial court in In re appeal of P FInvestments v. Willoughby Hills (Jan. 3, 1989), Lake C.P. No. 88 CIV 223, unreported, was binding with respect to the subject property. On December 1, 1998, the trial court denied Snavely's motion for summary judgment and dismissed the entire case. Within a week thereafter, Snavely filed a motion to reinstate and/or motion to reconsider, or in the alternative motion for clarification. On December 16, 1998, Snavely filed a motion for relief from judgment under Civ.R. 60. A notice of appeal together with a motion to remand for disposition of the Civ.R. 60 motion was filed with this court on December 31, 1998.
Prior to any remand by this court, the trial court issued a nunc protunc order on January 7, 1999, reinstating Snavely's constitutional claims and granting limited relief under Civ.R. 60(B). On June 14, 1999, we sua sponte dismissed the December 31, 1998, appeal for failure to prosecute. This case was tried on September 10, 1999, and, as noted above, judgment was issued on October 15, 1999.
The parcel in question is bordered by Interstate 90 on one side and Route 91, otherwise known a S.O.M. Center Road, on the otherside. To the rear is a large wooded ravine separating the parcel from residential uses further to the east. At one time the parcel and its immediate environs was zoned residential. Then, part of the land to the north was rezoned by the City as commercial, and a gas station and restaurant were developed. Former owners of a larger tract, including this parcel, sought a change in zoning of the southern part of their tract, and the trial court ordered a change to commercial zoning. P F Investments, supra
Thus, at the time of the instant case, the 3.3 acre parcel in question was surrounded by commercial zoning on its south and northwest side, and a wooded ravine to its rear. Snavely seeks to develop a commercial use of this 3.3 acre tract.
Under the first assignment of error, the City argues that the trial court was without jurisdiction to reconsider, reinstate or clarify its judgment entry of December 1, 1998. The City correctly identified those civil rules and decisions that hold such a reconsideration to be a nullity. Civ.R. 60 is the exclusive procedure for a court to revisit its own judgment. State ex rel. Clark v. Lile (1997), 80 Ohio St.3d 220;Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378.
The trial court lacked authority on January 7, 1999, to grant the motion to reinstate and/or motion to reconsider or in the alternative motion for clarification. However, as to this issue there is no prejudice because on December 16, 1998, Snavely filed a motion for relief from judgment pursuant to Civ.R. 60.
Next, the City challenges the trial court's entertaining of the motion on the ground that Snavely had filed, and there was pending, a notice of appeal to our court. The City cites to Howard v. Catholic Social Servicesof Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, which held that absent a specific limited remand to the trial court, the trial court is without jurisdiction to consider the merits of a Civ.R. 60(B) motion.
On January 7, 1999, the trial court issued a nunc pro tunc order reinstating Snavely's constitutional claims and granting limited relief per Civ.R. 60(B). Snavely points out that in this particular case, the procedural quagmire was resolved by our court granting an amended motion for remand for the limited purpose of allowing the trial court to reissue its January 7, 1999 ruling.
Finally, the City argues that the trial court erred in granting the motion for relief from judgment because there was no compliance with the evidentiary prerequisites of Civ.R. 60(B). They argue that the failure to comply with the three pronged test enunciated in GTE Automatic Elec.,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, renders the granting of relief an abuse of discretion.
The continued recognition by the trial court that the original dismissal of the entire action was premature, and authorized the court to correct its mistake by summary ruling on a Civ.R. 60(B) motion. In the interests of justice, the court was authorized to act in such a way as to correct its own mistake and place the case on a proper procedural track, leading to a just, ultimate conclusion.
Although the actions taken by the trial court were sequentially out of order, we conclude that the procedural deficiencies were corrected, and the January 7, 1999 order reinstating portions of Snavely's case was a valid exercise of subject matter jurisdiction. The trial court had the right and power to hear the case on the remaining merit issues on September 10, 1999. The first assignment of error is overruled.
In the second assignment of error, the City claims that the judgment of the trial court in a zoning case decided in 1989, P F Investments, acts as a bar to any relief for Snavely in 1999.
Snavely was not a party to the 1989 litigation. Further, the issue there concerned a different parcel, specifically, a 3.5 acre tract to the south of the parcel here considered.[1] Moreover, Snavely has not taken a position in previous litigation inconsistent with its position in the case sub judice. Scioto Mem. Hosp. Assn. Inc. v. Price Waterhouse
(1996), 74 Ohio St.3d 474. Therefore, the principles of res judicata do not apply. See Broz v. Winland (1994), 68 Ohio St.3d 521; Quinlan v.Ohio Dept. of Commerce, Div. of Consumer Fin. (1996), 112 Ohio App.3d 113. The second assignment of error is overruled.
In its final assignment of error, the City claims the judicial challenge to the extant zoning was premature. The City maintains that Snavely failed to exhaust administrative remedies, including seeking permission from the Board of Zoning or an initial referendum. This argument does not avail. Declaratory relief, in the first instance, is appropriate where the ordinance is challenged on constitutional grounds.G.S.T. v. Avon Lake (1976), 48 Ohio St.2d 63; Burt Realty Corp. v.Columbus (1970), 21 Ohio St.2d 265.
Under the City's final assignment of error, it also challenges the trial court's judgment granting relief from the strictures of the residential zoning on the parcel in question as being against the manifest weight of the evidence.
It is axiomatic that governmental subdivisions have the authority, as an exercise of police power, to adopt zoning ordinances so long as they have a substantial relation to public health, safety, morals and general welfare of the community. R.C. 713.10; State ex rel. Clifton-HighlandCo. v. Lakewood (1931), 41 Ohio App. 9. Further, zoning regulations are presumed to be valid. Brown v. Cleveland (1981), 66 Ohio St.2d 93
Each party identifies for this court evidence presented in the merit hearing that would permit the fact finder to determine the issues in its favor. A detailed recitation of this evidence is unnecessary. The trial court has favored us with its rationale for determining the issues that is both consistent with the evidence and legal standards for weighing and determining ultimate facts. The judgment is supported by competent, credible evidence going to the material issues in the case. Shemo v.Mayfield Heights (2000), 88 Ohio St.3d 7. Telling are the descriptions of the area of and surrounding the parcel and the admission of the City's Mayor Morton O'Ryan ("Mayor O'Ryan") that there is no reason "why this little island that's leftover in the middle and surrounded by all this commercial use needs to remain as residential." Consider also the statement of Mayor O'Ryan that the entire 8.8 acre tract is "a cornerstone of the community. I would say it's ideally suited for commercial. I can't lie. I'm supposed to tell the truth; right?" Moreover, witnesses Richard Iafelice and Frank J. Cihula corroborated the merit issue in favor of Snavely, and David Hart, a municipal planning zoning expert stated that the property could not be economically developed or used for residential purposes. Accordingly, the merit determination of the trial court is not against the manifest weight of the evidence. The third assignment of error is overruled.
Based on the following analysis, the City's assignments of error are not well-taken, and the judgment of the trial court is affirmed.
 _________________________ MILLIGAN, J., Ret.
CHRISTLEY, P.J., O'NEILL, J., concur.
[1] In the 1989 case, the trial court limited its order to "the real property comprising approximately the southern three and five/tenths (3.5) acres of the real estate described herein at Exhibit A[.]"